UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,
    Plaintiff

v.

UNITED STATES OF AMERICA, et al.,
    Defendants

CIVIL NO. 1:CV-00-0486

(Judge Conaboy)

FILED
HARRISBURG, PA

APR 2 6 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ORDER

### Background

Paul Lee, an inmate currently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The named defendants are the United States of America, the Federal Bureau of Prisons and Kathleen M. Hawk-Sawyer, Director of the Bureau of Prisons.

The plaintiff alleges that in 1995 he "entered into the custody of the defendants as a strong, able-bodied man." He claims that "during the first part of his incarceration, defendants provided plaintiff with a spring bed, now defendants have provided plaintiff with a steel bed and substandard mattress to sleep on, without a box spring." (Doc. No. 1).

Lee contends that as a result of "defendants' negligence in thus providing plaintiff with improper bedding plaintiff's hip has steadily deteriorated from 1997 to the present time, and he now suffers from

degenerative arthritis." Moreover, plaintiff claims that "defendants have negligently failed to provide him with medical care and treatment for his injury." Plaintiff seeks compensatory damages for relief. Id. For the reasons outlined below, the court will construe the action as combined Bivens[1]-styled civil rights suit under 28 U.S.C. § 1331 and a Federal Tort Claims Act[2] (the "FTCA") action, and the complaint will be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

Discussion

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (emphasis added).

With respect to a Federal Tort Claims Act, such a suit

> shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of

---

1. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens the Supreme Court held that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. 28 U.S.C. §§ 1346(b), 2671-2680.

2

>     a claim within six months after it is filed
>     shall, at the option of the claimant any time
>     thereafter, be deemed a final denial of the
>     claim for purposes of this section.

28 U.S.C. 2675(a).

In the instant action, the plaintiff makes no indication that he has begun to pursue his administrative remedy under the FTCA. The Third Circuit Court of Appeals has held that the requirement of receiving a "final denial" by the administrative agency on a FTCA claim "is jurisdictional and cannot be waived." Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971). See Bradley, 856 F.2d at 577-78. Thus, because of the FTCA procedural requirements have not been met, the court lacks subject matter jurisdiction to hear the instant negligence claims.

Alternatively, if the court were to consider this action as a Bivens-styled civil rights suit seeking monetary relief for Constitutional violations, a federal prisoner seeking mandatory relief from federal prison authorities must exhaust administrative remedies before bringing his or her claim to federal court. Veteto v. Miller, 794 F.2d 98, 100 (3d Cir. 1986); Waddell v. Aldredge, 480 F.2d 1078, 1079-80 (3d Cir. 1973). The exhaustion requirement is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action. Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

Our Court of Appeals has identified the various policies

3

underlying the exhaustion requirement:

> First, adherence to the doctrine shows appropriate deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution . . .
>
> Second, the exhaustion doctrine illustrates respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process. This autonomy allows the administrative tribunal to exercise its own discretion, apply its own special expertise, and correct its own errors, thereby promoting administrative responsibility and efficiency and minimizing the frequent and deliberate flouting of administrative processes which could weaken the tribunal's effectiveness.
>
> Third, the exhaustion requirement fosters judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking.

Lyons v. United States Marshals, 840 F.2d 202, 204-05 (3d Cir. 1988) (quoting Republic Indus., Inc. v. Central Pa. Teamsters Pension Fund, 693 F.2d 290, 293 (3d Cir. 1982)).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1996). First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Id. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy

4

Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." Id. § 542.14(a). The warden has twenty (20) days in which to respond. Id. § 542.18.

If an inmate is not satisfied with the warden's response, it may be appealed (on the appropriate form) to the Regional Director within twenty (20) calendar days from the date of the warden's response. Id. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) days and the General Counsel forty (40) days to respond. Id. § 542.18.

Plaintiff makes no indication that he has presented his claims informally to the staff or formally through a written Administrative Remedy Request. It is therefore clear that he has not exhausted his administrative remedies, and his complaint will be dismissed.

AND NOW, THEREFORE, THIS 25th DAY OF APRIL, 2000, IT IS HEREBY ORDERED THAT:

1. The complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies.
2. The Clerk of Court is directed to close this case.
3. Any appeal from this order will be deemed frivolous,

5

not taken in good faith and lacking probable cause.

_____
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

April 26, 2000

Re: 1:00-cv-00486    Lee v. United States of Ame

True and correct copies of the attached were mailed by the clerk to the following:

```
Paul Lee
FCI-ALLENWOOD
01656-087
P.O. Box 2000
White Deer, PA  17887
```

```
cc:
Judge                           (✓)
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (✓)
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen   ( )    PA Atty Gen ( )
                                        DA of County  ( )    Respondents ( )
Bankruptcy Court                ( )
Other___P2SLC___                (✓)
     Belisario
```

MARY E. D'ANDREA, Clerk

DATE: _____4/26/00_____            BY: _____
                                        Deputy Clerk