PAUL LEE
BOX 2000
WHITE DEER, PA. 17887

August 8, 2000

Honorable Judge Kane,
United States District Court for the
Middle District of Pennsylvania
Federal Building, 228 Walnut Street
Box 868
Harrisburg, Pa. 17108

FILED
HARRISBURG, PA

AUG 10 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

RE: 1:00-cv00486

Dear Honorable Judge Kane.

I contacted the clerk office concerning the status of my "Motion for Reconsideration." The clerk informed me that this case is close from the order in April 26, 2000. With all due respect, Jdge kane, I feel that your actions has cause prejudices to my case by not allowing the plaintiff or the parties to argue this claim. I feel that since you are not an. parties of the action, that your decision was hastily made without the benefit of input from the plaintiff, or the parties of this action.

Therefore, with all due respect to the Honorable Court, plaintiff respectfully request that his Civil Complaint should be reinstated, for the reasons within plaintiff "Motion for Reconsideration."

Respectfully submitted,

BY: _____
Paul Lee, in pro-se
Box 2000 01656-087
White deer, Pa. 17887
1.800.278.3288 Telephone
1.800.572.4403 Facsimile

Filed on May 4, 2000, by depositing the same in the institutional mailbox. Houston v. Lack, ___ US ___ (1989).

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,
      Plaintiff,

v.                      1:CV-00-0486

UNITED STATES, et al,
      Defendants.

MOTION FOR RECONSIDERATION PURSUANT TO F.R.Cv.P. 59 AND/OR
PURSUANT TO F.R.Cv.P. 60

    Plaintiff Paul Lee ("Lee"), in pro per, moves this Court to reconsider its Order entered April 26, 2000:

    In its April 26, 2000, Order, this Court dismissed the instant suit sua sponte for failing to exhaust administrative remedies under both the Federal Tort Claims Act and the Federal Bureau of Prisons' administrative remedy procedure. The Court did so without first issuing an Order to Show Cause which prevented Lee from providing affirmative evidence on the issue.

    As shown by the attached exhibits, Lee filed a claim under the Federal Tort Claims Act, 28 USC §2671, et seq. The claim was denied on September 9, 1999, prior to the filing of the instant Complaint. Additionally, Lee filed all three required administrative remedies at FBOP Adm. Rem. 192485. The final remedy response is also attached hereto.

    Therefore, with all due respect, the Court's decision was hastily made without the benefit of input from the Plaintiff. In light of the evidence as attached hereto, it is clear that the decision was factually erroneous.

    Lee further advises the Court that once reconsideration is granted and this suit reinstated, he will file an Amended Complaint which will address the issues in a more clear and detailed manner. The imminent Amended Complaint will also allege the exhaustion of remedies. Lee, of course, needs not obtain authorization prior to filing his Amended Complaint, F.R.Cv.P. 15(a), and will do so within twenty (20) days of the anticipated reinstatement.

    WHEREFORE, Plaintiff Paul Lee respectfully requests that the suit be reinstated.

Respectfully submitted,

By: _____
Paul Lee, in pro per
Box 2000   01656.087
White Deer, PA 17887
1.800.278.3288 Telephone
1.800.572.4403 Facsimile

PLAINTIFF

**U.S. Department of Justice**

**Federal Bureau of Prisons**

Federal Correctional Institution, Beckley
P.O. Box 1280
Beaver, West Virginia 25813
Telephone: (304) 252-9758

CERTIFIED

September 9, 1999

Paul Lee
Reg. No. 01656-087
FCI Allenwood
P.O. Box 2500
White Deer, PA 17887

Re: Administrative Tort Claim Number T-MXR-99-357

Dear Mr. Lee:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and authority granted under 28 C.F.R. § 0.172. You claim government liability in the amount of $2,500,000.00 for personal injury. Specifically, you claim that on July 14, 1997, while housed at FCI Beckley, you were forced to sleep on a hard metal steel bed which caused bursitis and arthritis in your hip.

While at FCI Beckley you were provided a mattresses to sleep on. There is no evidence that your degenerative arthritis and bursitis are attributed to sleeping on a hard metal surface, as you allege. As no act or omission of a Government employee was a factor in your injury, your claim is denied. This letter is a final denial of your claim. If you are not satisfied with the determination, you have six months from the date of the mailing of this notification to bring suit in an appropriate United States District Court, should you wish to do so.

Sincerely,

Bill Burlington
Regional Counsel

---

**Administrative Remedy No. 192485-A1**
**Part B - Response**

This is the response to your Central Office Administrative Remedy Appeal in which you allege the medical care and treatment you are receiving for your hip pain is not appropriate. You also disagree with the need to carry a cane to alleviate your pain.

Discussion with FCI Allenwood medical staff indicates you have been diagnosed with having degenerative arthritis of the left hip. The Clinical Director has determined you are not a candidate for a hip replacement, but have been offered a cane and non-steroidal anti-inflammatory drugs (NSAID) to ease your pain. You have refused the use of a cane and non-steroidal anti-inflammatory drugs. You state the injection given at a prior institution resulted in increased hip pain. NSAID injections are considered standard treatment to decrease pain associated with degenerative arthritis. Should you wish to reconsider receiving treatment, you should make your needs known, by utilizing normal sick call procedures. The record reflects Health Services staff have provided you medical care and treatment in accordance with Bureau policy.

Accordingly, we concur with the findings and decisions of the Warden and Regional Director that the medical care and treatment you have received is appropriate. Your Central Office Administrative Remedy Appeal is denied.

Jan 6, 2000
Date

Harrell Watts, Administrator
National Inmate Appeals