UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,
    Plaintiff

v.

UNITED STATES OF AMERICA, et al.,
    Defendants

CIVIL NO. 1:CV-00-0486

(Judge Kane)

FILED
HARRISBURG, PA

SEP 18 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ORDER

### Background

Paul Lee, an inmate currently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The named defendants are the United States of America, the Federal Bureau of Prisons and Kathleen M. Hawk-Sawyer, Director of the Bureau of Prisons.

The plaintiff alleges that in 1995 he "entered into the custody of the defendants as a strong, able-bodied man." He claims that "during the first part of his incarceration, defendants provided plaintiff with a spring bed, now defendants have provided plaintiff with a steel bed and substandard mattress to sleep on, without a box spring." (Doc. No. 1).

Lee contends that as a result of "defendants' negligence in thus providing plaintiff with improper bedding plaintiff's hip has steadily deteriorated from 1997 to the present time, and he now suffers from

degenerative arthritis." Moreover, plaintiff claims that "defendants have negligently failed to provide him with medical care and treatment for his injury." Plaintiff seeks compensatory damages for relief. Id.

By Order of April 26, 2000, the plaintiff's complaint was construed as a combined Bivens[1]-styled civil rights suit under 28 U.S.C. § 1331 and a Federal Tort Claims Act[2] (the "FTCA") action, and the complaint was dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies. The Clerk of Court was directed to close the file. (Doc. No. 8). On May 8, 2000, Lee filed a motion for reconsideration of the April 26, 2000 Order. (Doc. No. 9). For the following reasons the motion will be granted.

DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.

---

1. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens the Supreme Court held that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. 28 U.S.C. §§ 1346(b), 2671-2680.

2

Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant case, Lee's motion for reconsideration does supply new evidence with respect to the issue of exhaustion of administrative remedies. Plaintiff submits as an exhibit to his motion for reconsideration, copies of the decisions rendered in his Central Office Administrative Remedy Appeal and his Administrative Tort Claim. (Doc. No. 9, Attachment). Thus, Plaintiff, in his motion for reconsideration, has demonstrated that he has exhausted the remedies required of him. After considering such information, the motion for reconsideration will be granted.

AND NOW, THEREFORE, THIS 14th DAY OF SEPTEMBER, 2000, IT IS

3

HEREBY ORDERED THAT:

1. Plaintiff's motion for reconsideration (Doc. No. 9) is granted.

2. The order of April 26, 2000, dismissing plaintiff's case is vacated.

3. The Clerk of Court is directed to reopen plaintiff's case.

4. The United States Marshal is hereby directed to serve the complaint on the defendants named therein.

                                        /s/ Yvette Kane
                                        YVETTE KANE
                                        United States District Judge

YK:dlb

4