DMB:KLM:slg:2000V00797

*JUDGE'S COPY*

*FILED HARRISBURG*
*MARY E. D'ANDREA, CLERK*
*DEC 11 2000*
*DEPUTY CLERK*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,
      Plaintiff

v.                                    Civil No.  1:CV-00-00486
                                      (Kane, J.)
UNITED STATES OF AMERICA, et al.
      Defendants

BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

## I. Statement of the Case

On March 15, 2000, Paul Lee, an inmate incarcerated at the Federal Correctional Institution Allenwood, White Deer, Pennsylvania, ("FCI Allenwood") filed a combined Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq., and Bivens complaint.[1] Lee alleges that during his incarceration he was provided "improper bedding" that has caused a steady deterioration of his left hip as well as degenerative arthritis. In his Bivens claim, Lee alleges deliberate indifference regarding medical treatment of his left hip. As to Lee's FTCA claim, he alleges that the United States has negligently failed to provide him with medical care and treatment for his left hip injury.

Lee filed his complaint against the following defendants: the United States of America; Kathleen M. Hawk-Sawyer, Director,

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Federal Bureau of Prisons; and the Federal Bureau of Prisons ("BOP"). On November 27, 2000, defendants' filed a motion to dismiss.[2] This brief is filed in support of that motion.

As to the Bivens claims, defendants seek to dismiss the United States of America and the Bureau of Prisons based upon sovereign immunity and to dismiss Hawk-Sawyer based upon the doctrine of respondeat superior. For the FTCA portion of the complaint, defendants seek to dismiss Hawk-Sawyer and the Bureau of Prisons as improper parties and to dismiss the complaint for failure to exhaust administrative remedies regarding the medical care Lee received.

## II. Statement of Facts

In reciting the relevant facts, we rely upon Lee's complaint. Lee alleges that in 1995, he entered into the custody of the Federal Bureau of Prisons as "a strong, able bodied man". See complaint at ¶3. Lee alleges that during his incarceration he was supplied with a spring bed which was subsequently replaced by a steel bed and a substandard mattress and box spring. As a result, Lee states that this "improper bedding" has caused a steady deterioration of his left hip as well as degenerative arthritis. Finally, Lee alleges that the United States has negligently failed to provide him with medical care and treatment for his injury.

---

[2] Defendants also have filed a Motion for Summary Judgment, which is separately briefed.

2

### III. Questions Presented

1. Should the <u>Bivens</u> claims against the United States of America and the Federal Bureau of Prisons be dismissed due to sovereign immunity and be dismissed at to defendant Hawk-Sawyer on the basis of <u>respondeat superior</u>?

2. Should the FTCA claims be dismissed because defendant Hawk-Sawyer and the Bureau of Prisons are improper parties and because Lee has failed to exhaust all available administrative remedies with respect to the medical care claims raised in this case?

Suggested answers in the affirmative.

### IV. Argument

**A. The United States of America and the Federal Bureau of Prisons Should Be Dismissed from the Bivens Claims Due to Sovereign Immunity.**

In <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court implied a cause of action for damages against federal employees for the violation of constitutional rights. The same immunities that are granted to state officials in §1983 civil rights actions applies to federal employees. <u>Butz v. Economou</u>, 438 U.S. 478, 496-505 (1978).

Likewise, sovereign immunity equally applies in <u>Bivens</u> actions. Thus, plaintiffs cannot bring <u>Bivens</u> actions against the United States, federal agencies, or federal employees sued in their official capacities. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 130 n.4 (3rd Cir. 1986); <u>Laswell v. Brown</u>, 683 F.2d 261, 267-68 (8th Cir. 1982); <u>See also</u> Kentucky

3

v. Graham, 473 U.S. 159, 165-66 (1985)(suit against officer in official capacity is the same as a suit against the sovereign).

Applying these principles here, it is clear that sovereign immunity bars Lee's lawsuit against the United States of America and the Federal Bureau of Prisons. Accordingly, they should be dismissed.

B. **Defendant Hawk-Sawyer Should Be Dismissed From the Bivens Claims Based on the Doctrine of Respondeat Superior.**

To the extent that the complaint is read as to allege liability against Hawk-Sawyer, the Director of BOP, by virtue of her position, it is well settled that the doctrine of respondeat superior cannot form the basis of a Bivens claim. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Robertson v. Sichel, 127 U.S. 507, 515-17 (1988); Farmer v. Carlson, 685 F.Supp. 1335, 1338 (M.D. Pa. 1988); Fayerweather v. Bell, 447 F.Supp. 913 (M.D. Pa. 1978). Cf. Young v. Quinlan, 960 F.2d 351, 358 n.14 (3d Cir. 1992). In Haynesworth this proposition was concisely explained:

> [I]n order to find a supervisory official personally liable in damages for the unconstitutional [or otherwise wrongful] acts of his subordinate, it must be shown that he was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional [or other] harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened.

Haynesworth v. Miller, 820 F.2d 1245 (D.C. Cir. 1987).

Furthermore, personal involvement or some affirmative action on the part of a defendant is necessary before he may be

4

found liable for a civil rights violation. See Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied 111 S.Ct. 2827 (1991); Stoneking v. Bradford Area School District, 882 F.2d 720, 729-30 (3d Cir. 1989); Rode v. Dellarceprete, 845 F.2d 1195 (3d Cir. 1988); Flanagan v. Shively, 783 F.Supp. 922 (M.D. Pa. 1992), aff'd 980 F.2d 722 (3d Cir. 1992); Farmer v. Carlson, 685 F.Supp. 1335 (M.D.Pa. 1988). "A supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." Chinchello v. Fenton, 805 F.2d 126 (3d Cir. 1986).

A review of the complaint reveals that Lee has made **no** allegations concerning Hawk-Sawyer, the Director of BOP. Lee's allegations do not involve personal or direct contact, control, or knowledge regarding the incidents alleged in the complaint; rather, they appear to be an attempt to hold defendant Hawk-Sawyer responsible based solely due to her position. As just noted, however, unless Lee pleads an affirmative link between the supervisor's personal participation, her exercise of control or direction, or her failure to supervise, dismissal is appropriate. The fact that this defendant currently holds a supervisory position does not in itself expose her to Bivens liability. Therefore, BOP Director Hawk-Sawyer should be dismissed.

C. **BOP Director Hawk-Sawyer and the Bureau of Prisons Should Be Dismissed from the FTCA claims as They are Improper Parties**.

In this action, Lee has named Director Kathleen M. Hawk-Sawyer, the Federal Bureau of Prisons, and the United States of America as defendants. In an FTCA action, the only appropriate defendant is the United States of America. See 28 U.S.C. 2679(d)(1). Therefore, defendant Hawk-Sawyer and the BOP should be dismissed from the FTCA portion of the complaint.

D. **Lee Has Failed to Exhaust Available Federal Tort Claims Act Remedies Regarding His Claim of Negligent Medical Care.**

The district court obtains subject matter jurisdiction for all claims brought pursuant to the Federal Tort Claims Act by virtue of 28 U.S.C. §1346(b). The filing of an administrative claim with the appropriate federal agency is a **jurisdictional prerequisite** to bringing a civil action against the United States for damages for the negligence or wrongful act of any employee of the United States. See 28 U.S.C. §2675(a); See also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Davis v. Marsh, 807 F.2d 908 (11th Cir. 1987)(only those claims presented initially to the administrative agency are cognizable in a tort action against the United States); Ducharme v. Merrill-National Laboratories, 574 F.2d 1307 (5th Cir. 1978), cert. denied, 439 U.S. 1002, 99 S. Ct. 612 (1978)(administrative procedure required under this section is jurisdictional and cannot be waived).

In this case, Lee has two FTCA claims: the failure to provide him appropriate bedding, i.e. a satisfactory mattress, and the failure to provide him with appropriate medical care. Although Lee filed an administrative tort claim with the Northeast Regional Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania, for allegedly providing him with a substandard mattress, Lee has **not** filed an administrative tort claim regarding allegations of negligent medical care.

Specifically, Lee filed administrative tort claim number TRT-NER-2000-449 with the Northeast Regional Office on February 7, 2000. In his claim, Lee alleged that "[t]he BOP has caused my hip to deteriorated [sic] by providing me with a steel bed and substandard mattress to sleep on. without a box spring [sic] By reason of the "BOP" cause negligence [sic] in their part not to provide me with proper bedding care." (See R. 3A and 3B.) Lee did **not** raise any allegations of negligent medical care.

On June 28, 2000, Lee's claim was denied by Regional Counsel Henry J. Sadowski, who sent Lee a final determination letter dated that same date. In this letter, Lee was informed that his claim was being denied and that if he was dissatisfied with this decision he could file suit in the appropriate United States District Court within six (6) months of the date of the memorandum. A copy of Lee's administrative tort claim and its denial are attached to the declaration of J. Fromm. See R. 3A, 3B, 4-7.

7

Therefore, Lee has <u>not</u> exhausted his claim of negligent medical care and that claim should be dismissed.

### V. <u>Conclusion</u>

For the reasons stated above, the Federal Bureau of Prisons and the United States of America should be dismissed from the <u>Bivens</u> claims due to sovereign immunity. Additionally, defendant Hawk-Sawyer should be dismissed from the <u>Bivens</u> claim based on the doctrine of <u>respondeat superior</u>. Furthermore, defendant Hawk-Sawyer and the Bureau of Prisons should be dismissed from the FTCA claims because they are improper parties. Finally, Lee's FTCA claims with respect to the medical care he received should be dismissed for failure to exhaust his Federal Tort Claims Act remedies.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*[signature]*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

Dated: December 11, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE, :
        Plaintiff :
         :
    v. :    Civil No. 1:CV-00-00486
         :    (Kane, J.)
UNITED STATES OF AMERICA, et al. :
        Defendants :

<u>CERTIFICATE OF SERVICE BY MAIL</u>

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on December 11, 2000, she served a copy of the attached

**BRIEF IN SUPPORT OF THE DEFENDANTS'
MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Paul Lee
Reg. No. 01656-087
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

                                             _/s/ Shelley L. Grant_
                                             SHELLEY L. GRANT
                                             Paralegal Specialist