DMB:DD:slg:2000V00797

ORIGINAL

FILED
HARRISBURG, PA

FEB 12 2001

MARY E. D'ANDREA, CLERK
Per _____
                Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                          :
              Plaintiff            :
                                   :
         v.                        :    Civil No.  1:CV-00-00486
                                   :    (Kane, J.)
UNITED STATES OF AMERICA, et al.   :
              Defendants           :


## RECORD TO BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT


DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
217 Federal Building
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108

Dated: February 12, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                         :

           Plaintiff             :      CIVIL NO. 1:CV-00-0486

              v.                 :      (Judge Kane)

UNITED STATES OF AMERICA, et-al.,  :

           Defendants            :

### DECLARATION OF J. FROMM

I, J. Fromm, hereby declare and state as follows:

1.    I am currently employed by the United States Department of
Justice, Federal Bureau of Prisons ("FBOP"), as a Paralegal
Specialist, at the Federal Correctional Complex (F.C.C.),
Allenwood, Pennsylvania.  I have been a Paralegal Specialist
at F.C.C. Allenwood since August 1998.  Prior to that time, I
held the position of Paralegal Specialist at the United States
Penitentiary, Lewisburg, Pennsylvania, since November, 1989.

2.    In my official capacity, I have access to inmate files,
including, but not limited to, records regarding an inmate's
sentencing, disciplinary history, administrative tort claim
filings and records relating to an inmate's history of
incarceration.

3.    I have reviewed the amended complaint in the above-captioned

R. 1

action, wherein the Plaintiff, inmate Paul Lee, Federal
Register Number 01656-087, alleges that his left hip has
degenerated since 1997 due to inappropriate bedding.    The
Plaintiff further alleges, that the denial of the use of two
mattresses has caused pain in his hip. The Plaintiff alleges
he now suffers from degenerative arthritis and that medical
staff have negligently failed to provide him with appropriate
medical care and treatment for his injury.

4.    The Plaintiff, inmate Paul A. Lee, Register No. 01656-087, was
sentenced on January 30, 1995, in the United States District
Court for the Northern District of West Virginia, to a term of
imprisonment of two hundred months for: "Conspiracy to Possess
With Intent to Distribute" and "Distribution of Cocaine
a/k/a"Crack"" in violation of Title 21, United States Code
§841(a)(1) and Title 21, United States Code, §846.    The
Plaintiff has a projected release date of March 26, 2010, via
good conduct time release.    The Plaintiff is currently housed
at the Federal Correctional Institution (FCI) Allenwood,
Pennsylvania.

5.    The Plaintiff filed an administrative tort claim with the
Northeast Regional Office, Federal Bureau of Prisons, which
was received on February 9, 2000.    The claim was assigned
number TRT-NER-2000-449.

**R. 2**

6.    In his tort claim, the Plaintiff alleged "The BOP has cause my hip to deteriorated by providing me with a steel bed and substandard mattress to sleep on. without a "box spring" By reason of the "BOP" cause negligence in their part not to provide me with proper bedding care".    The Plaintiff did **not** raise any allegations of negligent medical care.    I have attached a copy of claim TRT-NER-2000-449 to my declaration.

7.    The record also fails to reveal any documentation that the Plaintiff had filed an administrative tort claim regarding his being denied the use of two mattresses.

I declare that any and all records attached to this declaration are true and accurate copies of records maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 8th day of February 2001.

J. FROMM
Paralegal Specialist
Federal Correctional Complex
Allenwood, Pennsylvania

DEC-11-00 MON 03:10 PM   ALLENWOOD LEGAL SERVICES      FAX NO. 17175476458            P. 02



| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS:  Please read carefully the instructions on the reverse side and supply information requested on both sides of this form.  Use additional sheet(s) if necessary.  See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

1. Submit To Appropriate Federal Agency:

2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)  (Number, street, city, State and Zip Code)*

Paul Lee 01656-087

P.O.BOX 2000

White deer,Pa. 17887

| 3. TYPE OF EMPLOYMENT ☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 10 25 00 | 7. TIME (A.M. OR P.M.) 10 pm |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)*

The "BOP" has cause my hip to deteriorated by providing me with a steel bed and substandard mattress to sleep on.  without a "boxspring" By reason of the "BOP" cause negligence in their part not to provide me with proper bedding care.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*
     N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.  *(See instructions on reverse side.)*  "BOP" has cause server pain in my left hip, due to substandard mattress.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
          N/A

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| F.C.I Allenwood, Medical Service | P.O.BOX 2500 White deer, Pa. 17887 |
| F.C.I Beckley, W.v. | P.O.BOX 1280 Beaver, Wv. 25813 |

12. (See instructions on reverse)    **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE cost of new hip | 12b. PERSONAL INJURY 2.5 m | 12c. WRONGFUL DEATH N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 2.5m |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM 2-7-02 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both.  (See 18 U.S.C. 287, 1001.) |

| 95-108 Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

R. 4

DEC-11-00 MON 03:10 PM    ALLENWOOD LEGAL SERVICES    FAX NO. 17175476458    P. 03

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes. If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount.

N/A | N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes. If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

N/A

*U.S. Government Printing Office: 1993 — 342-199/50243                                                            SF 95 (Rev. 7-85) BACK

P. 5



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Institution*

*Allenwood Medium*
*P.O. Box 2500*
*White Deer, PA  17887-2500*

May 24, 2000

MEMORANDUM FOR:   HENRY J. SADOWSKI, REGIONAL COUNSEL
                  NORTHEAST REGION

FROM:             Michael A. Zenk, Warden

SUBJECT:          T-NER-2000-449
                  LEE, Paul
                  Reg. No. 01656-087

This is in response to your request for an investigation and recommendation on the above-referenced administrative tort claim.  Inmate Lee seeks compensation in the amount of $2,500,000 for deterioration in his hip which he alleges occurred as a result of inadequate medical treatment. Specifically, he alleges that the Health Services Department should have provided a sturdier mattress which would have better supported his hip.

An investigation revealed that inmate Lee first began complaining of problems with his hip in July 14, 1997, long before his transfer to FCI-Allenwood.  At that time, inmate Lee had a history of osteoarthritis, and an appointment was scheduled for December 9, 1997, with an orthopedic specialist.  After an examination, the orthopedic specialist diagnosed the pain in inmate Lee's hip as Piriformis Syndrome (a compression of the sciatic nerve, causing pain centered in the hip and buttock area, and radiating up the back and down the legs.)  As a result of this diagnosis, the affected area was injected with Depo-Medrol and Xylocaine, and inmate Lee was prescribed Indomethacin (an anti-inflammatory medication).  Additional treatment includes physical therapy, an ultrasound to relieve muscle pressure, and anti-inflammatory medication.  Following the December 9, 1997, consultation, inmate Lee was provided all of the appropriate treatment, and was educated regarding the use of heat therapy and anti-inflammatory medication.

Inmate Lee was not examined again with regards to his hip until July 24, 1998.  At that time, he was diagnosed with an umbilical hernia and hip pain.  He was again prescribed Indomethacin and was issued a referral for a steroid injection, however, he refused an orthopedic consultation.  It was also determined at that time, that there was no need for a lower bunk restriction.  On September 14, 1998, and November 2, 1998, he was again examined by Health Services staff.  He was then diagnosed with left hip arthritis and prescribed Motrin.

**R. 6**

Inmate Lee was transferred to FCI-Allenwood from FCI-Beckley on November 16, 1998. Upon his arrival, it was noted that inmate Lee had a history of left hip bursitis. Inmate Lee was not examined again until April 26, 1999. At that time, he complained of a cough and cold along with his ongoing hip bursitis. An examination at that time revealed decreased range of motion at all points, positive point tenderness over the joint without erythema or signs of inflammation. He was again prescribed Motrin for the pain.

As a result of the April 26, 1999, examination, medical staff requested an X-Ray and orthopedic consult. On June 2, 1999, an X-Ray was taken of inmate Lee's left hip. The X-Ray revealed severe degenerative change in the left hip joint, consistent with the degenerative change associated with degenerative joint arthritis. The results of this X-Ray were subsequently reviewed with inmate Lee.

On July 14, 1999, inmate Lee was examined by the orthopedic specialist who indicated that inmate Lee may be a future candidate for hip replacement surgery. Until such time as inmate Lee qualified for the surgery, however, he was offered a cane and a local injection for the pain. Inmate Lee refused this course of treatment.

On December 14, 1999, inmate Lee again requested to see the specialist regarding his left hip. On February 4, 2000, inmate Lee's hip was again X-Rayed, revealing bilateral osteoarthritis, left greater than right. Inmate Lee was then examined by the orthopedic specialist on April 12, 2000. At that time, the specialist recommended the use of a cane and anti-inflammatory medication. Inmate Lee was further advised that if he remained compliant with the prescribed medication and cane, but his condition continued to deteriorate, then hip surgery would be examined at a later date. Inmate Lee has not been examined with regards to his hip since April 12, 2000.

Based on the above information, this investigation has failed to reveal the existence of any staff negligence. Specifically, the evidence in this matter reveals that staff appropriately tended to inmate Lee's medical needs. Therefore, I recommend that this administrative tort claim be Denied. Should you have any questions concerning this matter, please feel free to contact Douglas S. Goldring, Attorney, at (570)547-7950, ext. 5116.

R. 7

NOV-29-00 WED 12:27 PM   ALLENWOOD LEGAL SERVICES    FAX NO. 17175476458        P. 03



UNITED STATES GOVERNMENT
MEMORANDUM
FCI ALLENWOOD

DATE: April 25, 2000

REPLY TO
ATTN OF: J. Hutton, Acting HSA

SUBJECT: TRT-NER-00-4
Lee, Paul
Reg.No. 23877-083

TO: Mike Sullivan, Supervisory Attorney

This is in response to the tort claim filed by inmate Lee, Paul Reg.No. 01656-087, in which he states that the "BOP" has caused his hip to deteriorate because he has not been provided proper bedding care.

After a careful review of his medical records, July 14, 1997, is the first medical documentation regarding pain in his hip. His medical record states a history of osteoarthritis. Inmate Lee complained about hip pain and was evaluated by an orthopedic specialist on December 9, 1997. This consultation states Piriformis syndrome and the area was injected with Depo-Medrol and Xylocaine. He was also prescribed Indomethacin which is an anti inflammatory medication. Piriformis syndrome is a condition marked by pain in the hip and buttock that radiates up into the lower back and down the leg. This is caused by entrapment of the sciatic nerve as it passes through the piriformis muscle in the buttock. Because the symptoms mimic those caused by a herniated lumbar disk, the syndrome may be confused with that disease. Treatment includes physical therapy to relieve pressure, ultrasound to reduce muscle spasm, and anti-inflammatory medicine. Inmate Lee received the appropriate treatment at that time and was educated regarding the use of heat and anti inflammatory medication.

On July 24, 1998, inmate Lee was examined in health services for umbilical hernia and hip pain. He was given a prescription for Indomethacin and a referral for steroid injection was written. It was noted at the time "no need for low bunk". Inmate Lee was a no show for his orthopedic consult.

On September 14, 1998, he was evaluated and was prescribed Indomethacin and another orthopedic consult was written. He was evaluated on November 2, 1998, for "left hip arthritis" and requested pain medication. He was given a prescription for Motrin, another anti inflammatory medication.

Inmate Lee arrived at FCI Allenwood on November 16, 1998, from FCI Beckley. Upon

R. 8

in sick call for congestion and cough and history of left hip bursitis. Examination revealed decreased range of motion all points, positive point tenderness over joint without erythema or signs of active inflammation. He was given a prescription for Motrin to be taken as needed for pain. An x-ray of the left hip and an orthopedic consult were requested. X-ray report of the left hip on June 2, 1999, revealed severe degenerative changes of the left hip joint. This type of degenerative change is expected with severe degenerative joint arthritis. On July 6, 1999, x-ray results were discussed with inmate Lee and treatment options were explained.

On July 14, 1999, inmate Lee was examined by an orthopedic specialist and instructed he could be a candidate for hip replacement in the future and was offered a cane and local injection which he refused.

On December 22, 1999, inmate Lee requested to see the doctor regarding his left hip. An orthopedic referral was submitted and x-rays were ordered. X-rays from February 4, 2000, reported bilateral osteoarthritis, left greater than right.

On April 12, 2000, inmate Lee was seen by an orthopedic specialist who recommended using a cane and anti inflammatory medication and he agreed to try using a cane. Hip surgery will be discussed in the future if he is compliant with cane and medications.

As outlined above inmate Lee has been examined several times for his hip by orthopedic specialists. There is no documentation that the type of bedding provided to inmate Lee caused his hip to further deteriorate. The deterioration he has experienced is a natural progression of his condition. There is no proof that a substandard mattress has caused his hip pain and his tort claim should be denied.

R. 9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                            :
                                     :
          Plaintiff                  :     CIVIL NO. 1:CV-00-0486
                                     :
          v.                         :     (Judge Kane)
                                     :
UNITED STATES OF AMERICA, et al.,    :
                                     :
          Defendants                 :

## DECLARATION OF R. MIGLIORINO, D.O.

I, R. MIGLIORINO, hereby declare and state as follows:

1.   I am currently employed by the United States Department of
     Justice, Federal Bureau of Prisons ("FBOP"), as the Clinical
     Director at the Federal Correctional Institution (F.C.I.),
     Allenwood, Pennsylvania.  I have been employed with the FBOP
     since April 1996.  Prior to that time, I was assigned to the
     medical staff at the Sioux San Hospital Rapid City, South
     Dakota.  As a Clinical Director, I have access to Bureau of
     Prisons records, including but not limited to medical records
     and records denoting places of incarceration.

2.   I have reviewed the complaint in the above-captioned action,
     wherein the Plaintiff, inmate Paul Lee, Federal Register
     Number 01656-087, alleges that his left hip has degenerated
     since 1997 due to inappropriate bedding.  The Plaintiff
     further alleges that he now suffers from degenerative

**R. 10**

arthritis and that medical staff have negligently failed to provide him with appropriate medical care and treatment for his injury.

3.  A review of the Plaintiff's records reveals that the Plaintiff entered into the custody of Federal Bureau of Prisons on July 30, 1991, and he was released from custody on July 15, 1992, via good conduct time release.

4.  On February 17, 1995, the Plaintiff once again entered into the custody of the Bureau of Prisons, and on March 10, 1995, he arrived at F.C.I. McKean, Pennsylvania.

5.  On March 30, 1995, the Plaintiff was transferred to F.C.I. Cumberland, Maryland.

6.  On September 18, 1995, the Plaintiff had an x-ray of his lower back taken.  Medical staff noted that the Plaintiff had mild diffuse degenerative arthritis of the lumbar spine.

7.  On February 5, 1996, the Plaintiff was transferred to F.C.I. Beckley, West Virginia, arriving there on February 20, 1996.

8.  My review of the Plaintiff's medical records reveals that the first complaint made by the Plaintiff concerning his left hip was made on or about July 14, 1997.  The Plaintiff was seen by medical staff and he was prescribed Tylenol.  At that time,

**R. 11**

the Plaintiff indicated to staff that he had a history of osteoarthritis.

9.   On August 4, 1997, the Plaintiff was seen by medical staff. The Plaintiff complained that his left hip was "aching". The Plaintiff was prescribed Motrin, he was told to apply heat three times a day, and an orthopedic consultation was ordered for an injection which was to be canceled if the Plaintiff got better. Medical staff at that time suspected that the Plaintiff was suffering from bursitis.

10.  On September 15, 1997, the Plaintiff was seen by medical staff for lower back pain. It was noted that the Plaintiff had full range of motion, but his back was tender. The Plaintiff was prescribed Motrin and heat. The Plaintiff was instructed to report to sick call if needed.

11.  On October 14, 1997, the Plaintiff was again seen by medical staff. Medical staff once again diagnosed the Plaintiff as suffering from bursitis. The Plaintiff was prescribed Motrin, he was instructed to apply heat and to return to health services as needed.

12.  On December 9, 1997, the Plaintiff was examined by an orthopedic specialist regarding the consultation which had been ordered on August 4, 1997. During this examination, the orthopedic specialist noted that the Plaintiff had Piriformis

Syndrome.  The affected area was injected with Depo-Medrol and Xylocaine.  The Plaintiff was also prescribed Indomethacin which is an anti-inflammatory medication.

13.  On February 13, 1998, the Plaintiff reported for sick call complaining of a callous on his right foot.  The Plaintiff did not complain of any left hip pain during that visit.

14.  On May 14, 1998, the Plaintiff reported for sick call complaining of pain in his left elbow.  Once again, the Plaintiff did not complain of any left hip pain.

15.  On May 22, 1998, the Plaintiff reported for sick call complaining of a cold.  Once again, the Plaintiff did not complain of any left hip pain.

16.  On July 24, 1998, the Plaintiff was examined by medical staff for umbilical hernia and left hip pain. The Plaintiff was prescribed Indomethacin and a referral for steroid injection was made.  Medical staff noted that the Plaintiff did not require a lower bunk in his quarters.  The record further indicates that the Plaintiff failed to appear for his scheduled orthopedic consultation with the orthopedic specialist.

17.  On September 15, 1998, the Plaintiff was evaluated by medical staff and he requested another injection.  An orthopedic

**R. 13**

consultation was again scheduled and the Plaintiff was prescribed Indomethacin. An orthopedic consultation was also scheduled with the orthopedic specialist.

18. On October 26, 1998, the Plaintiff was transferred to F.C.I. Allenwood, Pennsylvania, arriving there on November 16, 1998.

19. On November 2, 1998, the Plaintiff was evaluated by medical staff for "left hip arthritis" and he requested medication for pain. The Plaintiff was prescribed Motrin.

20. On November 16, 1998, the Plaintiff arrived at FCI Allenwood. Upon his arrival, a history of left hip bursitis was noted in his medical record.

21. The Plaintiff was not seen by medical staff until April 19, 1999, after he complained of pigmentation of the skin under his eyes. The Plaintiff did not make any complaints of hip pain.

22. On April 26, 1999, the Plaintiff reported for sick call complaining of congestion, coughing, a hernia and left side bursitis. It was noted during this visit that the Plaintiff had a history of left hip bursitis. An examination of the Plaintiff's left hip revealed a decreased range of motion of all fields, positive point tenderness over the joint without erythema or signs of active inflammation. The Plaintiff was

prescribed Motrin to be taken as needed for pain.  Medical staff diagnosed the Plaintiff as suffering from left hip bursitis by history, which means that he has a history of bursitis but no present indication or complaints of bursitis. An x-ray of the Plaintiff's hip was ordered and a consultation request was made for an orthopedic specialist to evaluate his hip.

23.  On April 30, 1999, the Plaintiff was seen by medical staff complaining that the cold medication he was taking was not working.  Once again, the Plaintiff failed to make any complaints regarding his left hip.

24.  On June 2, 1999, an x-ray report revealed that the Plaintiff had severe degenerative changes of the left hip joint.

25.  On June 23, 1999, the Plaintiff failed to appear for a scheduled sick call appointment.

26.  On July 6, 1999, the results of the x-ray were discussed with the Plaintiff.  Medical staff discussed degenerative joint disease with the Plaintiff and various treatment options were explained.  The Plaintiff was also instructed that he will be seeing an orthopedic specialist.

27.  On July 14, 1999, the Plaintiff was evaluated by an orthopedic specialist.  The orthopedic specialist indicated to the

**R. 15**

Plaintiff that he could be a candidate for hip replacement in the future, but that at the present time he appeared to be too young for such a procedure. The Plaintiff was then offered a cane and a local injection. The Plaintiff **refused** both of these options.

28. On August 13, 1999, the Plaintiff was seen by medical staff for an injury. Once again, the Plaintiff failed to make any complaints of left hip pain.

29. On August 18, 1999, the Plaintiff reported to sick call and requested a prostate exam. Once again, the Plaintiff failed to make any complaints of left hip pain.

30. On September 2, 1999, the Plaintiff was given a physical examination. Once again, the Plaintiff failed to make any complaints of left hip pain.

31. On November 29, 1999, the Plaintiff was seen by medical staff complaining of a lump on his foot (callous). Staff diagnosed him as having foot fungus. Once again, the Plaintiff failed to make any complaints of left hip pain.

32. On December 9, 1999, the Plaintiff reported to sick call complaining of an injury. Once again, the Plaintiff failed to make any complaints of left hip pain.

33. On December 22, 1999, the Plaintiff requested to see the doctor regarding his left hip. An orthopedic referral was submitted and x-rays were again ordered to be taken.

34. On January 6, 2000, a consultation request for an orthopedic specialist was written. The record revealed severe degenerative joint disease of the left hip.

35. On February 4, 2000, a review of the x-ray films revealed bilateral osteoarthritis. The left side involvement was noted to be greater than the right.

36. On February 24, 2000, the Plaintiff complained, via administrative remedy #206522-F1, that he should be provided with a second mattress. This request was evaluated by medical staff and was denied since there was no evidence of any medical need for the Plaintiff to have a second mattress. Additionally, at no time had the Plaintiff complained to medical staff that his degenerative joint disease was caused by or was being aggravated by inappropriate bedding.

37. On April 12, 2000, the Plaintiff was seen by an orthopedic specialist who recommended that the Plaintiff use a cane and take anti-inflammatory medication. The Plaintiff was somewhat resistant to using a cane and the orthopedic specialist explained why the cane would be beneficial. The Orthopedic specialist stated that when the Plaintiff was ready to discuss

R. 17

hip surgery it would be reasonable to have this discussion with him.

38. On May 8, 2000, the Plaintiff made a request for two copies of his orthopedic consultations.

39. On May 19, 2000, the Plaintiff's medications were refilled. It was noted that the Plaintiff has a history of degenerative joint disease.  The Plaintiff was prescribed Motrin with one refill.

40. On June 26, 2000, the Plaintiff was provided with a copy of his orthopedic consultation, per his May 8, 2000, request.

41. On July 11, 2000, the Plaintiff was treated for a complaint of dry skin.  Once again, the Plaintiff failed to make any complaints of left hip pain.

42. On August 22, 2000, the Plaintiff was given a physical examination as a pre-requisite to working in food service. The examination was essentially normal with no medical complaints noted at that time.  Once again, the Plaintiff failed to make any complaints of left hip pain.

43. On October 6, 2000, the Plaintiff reported to sick call complaining of sinus congestion.  Once again, the Plaintiff failed to make any complaints of left hip pain.

44.   On December 20, 2000, the Plaintiff was transferred from F.C.I. Allenwood to F.C.I. Elkton. The record reveals that upon his arrival at F.C.I. Elkton the Plaintiff failed to make any complaints concerning hip replacement surgery.

45.   As of January 23, 2001, the Plaintiff has not requested to see the orthopedic specialist to discuss having a hip replacement. As a matter of fact, the medical record reveals that the Plaintiff has not complained to Health Services concerning any ailment since his arrival at F.C.I. Elkton.

46.   Based on my review of the Plaintiff's medical records, there is no record that the Plaintiff has ever complained that his hip condition was caused by inappropriate bedding. In fact, his record actually reveals that he is suffering from degenerative joint disease.

47.   I have attached a copy of the Plaintiff's medical records from January 1, 1997, through January 23, 2001, to my declaration.

I declare that any and all records attached to this declaration are true and accurate copies of records maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 24st day of January, 2001.

_____

R. MIGLIORINO, D.O.
Clinical Director
Federal Correctional Institution
Allenwood, Pennsylvania 17887

**R. 19**

NOV-03-00 FRI 04:25 PM                                                    P. 04

AEM 1330.13B

Attachment 1

### INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.13, Administrative Remedy Procedures for Inmates. This form will serve as documentation by the respective staff member and his/her unit manager to indicate an informal attempt to resolve the complaint of the following inmate. Inmates are NOT to complete this form.

NAME: LEE, PAUL                        REG. NO. 01656-087

DATE FORM INITIATED: 02-15-2000   STAFF: C. MOSER            3B
                     Date                 Name             UNIT

**A BP-229 (13) WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED**

1. Nature of complaint (to be completed by staff):

THE "BOP" HAS PROVIDED ME WITH A SUBSTANDARD MATTRESS WHICH HAS CAUSED MY HIP TO DETERIORATE. I HAVE SPOKE TO MR. VARGUS, HEALTH SERVICES ADMINISTRATOR CONCERNING A DOUBLE MATTRESS FOR MY HIP. MR. VARGUS SAID THAT A DOUBLE MATTRESS IS NOT "BOP" POLICY TO PROVIDE INMATES WITH A DOUBLE MATTRESS. I FEEL THAT THE MEDICAL DEPT. IS NEGLIGENT FOR REFUSING TO PROVIDE ME WITH THE APPROPRIATE THINGS TO FURTHER PREVENT MY WORSENING MEDICAL CONDITION.

2. I have read the complaint above as written by Unit Staff and agree it is accurate.

3. Staff Member Assigned to Respond by U/M:      C. MOSER, COUNSELOR

4. Efforts Made to Resolve the Problem:

PER THE BUREAU OF PRISONS ALL INMATES ARE ISSUED ONE MATTRESS. I INSPECTED YOUR MATTRESS AND IT IS NO DIFFERENT THAN THE OTHER INMATES IN UNIT 3B.

5. Applicable Program Statement Used in this Informal Resolution Attempt: N/A
6. Inmate's Response to Informal Remedy Attempt: _____

_____

Prepared by: C. MOSER
Reviewed BY: TED SHIMKUS
Original Returned to Inmate (Date) 02-15-2000

**R. 20**

NOV-03-00 FRI 04:24 PM                                                      P. 02

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| n: | Lee    Paul   A. | 01656-087 | Three-B | Allenwood |
|----|------------------|-----------|---------|-----------|
|    | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A- INMATE REQUEST

Appealing, informal resolution, The "BOP" has provided me with a sub-
standard mattress which has caused my hip to deteriorate. I have spoke
to Mr. Vargus, Health Services Administrator concerning a double matress
for my hip. Mr. Vargus, said that a double matrees in not "BOP" policy,
to provide inmates with a double mattress. I feel that the medical dept.
is negligent for refusing to provide me with the appropriate things
to further prevent my worsening medical condition.  That a thicker mattr
is needed to prevent my hip. The one I have now is substandard. A thick
mattress would help ease the pain I am having.

02-18-00
_____                                    _____
DATE                                            SIGNATURE OF REQUESTER

Part B- RESPONSE

R. 21

_____                                    _____
DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

                                                         CASE NUMBER: 206522-F

Part C- RECEIPT
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: 2/24/00

## REQUEST FOR ADMINISTRATIVE REMEDY

LEE, Paul
Reg. No.: 01656-087
Remedy ID: 206522-F1

This is in response to your Request for Administrative Remedy dated February 24, 2000, in which you request a double mattress.

An investigation has revealed that all inmates are issued the same standard mattress according to Bureau of Prisons' policy. A double mattress may be issued for medical reasons. However, a review of your medical records indicates there is no need for a double mattress.

Based on the above information, your request for Administrative Remedy is denied. A double mattress is not medically indicated and staff are not able to issue a thicker mattress. You may sign up for sick call to address any additional medical concerns.


_____                              _3/10/00_
Michael A. Zenk, Warden                                Date

NOV-03-00 FRI 04:25 PM                                                          P. 05

**U.S. Department of Justice**                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

Lee   Paul   A.            01656-087        Three-(b)      Allenwood
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

Appealing the Warden, order.
According to my medical record I have deteriorate hip, reveal by
an doctor which is on contract, with this institution. That the
mattress, that I am sleeping on have cause my hip to get this way.
That why I am requesting this institution supply me with an double
mattress, to help ease the pain that I am having.  Plus, I have sent
medical service to cop-out requesting to place me their call-out to
see their "PA" still I wait.

_____                    _____
DATE                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**

R. 23

_____                    _____
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar
days of the date of this response.

RD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE            CASE NUMBER: _261522_

**Part C—RECEIPT**
                                                        CASE NUMBER: _261522 R1_

Return to: _____      _____    _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT       INSTITUTION

SUBJECT: _____

LEE, PAUL
Reg. No. 01656-087
Appeal No. 208522-R1
Page One

---

### Part B - Response

In your appeal, you contend that you are not receiving adequate medical care at FCI Allenwood. You allege that you have been denied a second mattress to alleviate the problem on your hips.

An investigation of your complaint reveals that during a visit with the orthopedic consultant on July 14, 1999, you admitted to having problems with your hips for more than a year. Your x-rays showed that you suffer from severe degenerative arthritis of your left hip. Pain medication and a cane to help alleviate the weight on your hip had been offered to you but you refused. You have also refused to receive injections to relieve the pain and the swelling. New X-rays taken on February 4, 2000 showed that you suffer from bilateral osteoarthritis greater on your left hip than in your right hip. Your ailment is an old chronic condition that had nothing to do with the fact that you are sleeping on a thin or a single mattress. A review of your medical records indicates no need for a double mattress.

Medical staff advises that you are receiving appropriate medical treatment consistent with community standards. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administration Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: April 14, 2000

                                DAVID M. RARDIN
                                Regional Director

**R. 24**

Case 1:00-cv-00466-YK-DB    Document 59    Filed 02/12/2001    Page 26 of 115

U.S. Department of Justice                          Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

36 1/66

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| Lee    Paul    A. | 01656-087 | Three -B    Allenwood |
|-------------------|-----------|----------------------|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT          INSTITUTION |

**Part A—REASON FOR APPEAL**

Appealing, Regional answer. The fact that I refuse to take their medication, and shots, is the fear, that what was given to me at FCI-Beckely, Wv, has cause my hip to this way wrong while sleeping on your substandard mattress, and very hard metal bunk beds. How is medical staff advises you that I am receiving appropriate medical treatment, when they refuse to see me when I send them an cop-out requesting to place me on there sick call sign up sheet. I have sent them three cop-out requesting to be seen. I am now useing their cane, an taking their medication, because that the only way I am going to get my hip replace, according to your in-house doctor, and orthopedic doctor. That I last seen on 04-12-00 This ailment is not old, I came into system into my good health, after sleeping on your metal beds, and your very thin mattress, has cause my hip to get this, the shot that was given to me has cause it too get worst, requesting an thick mattress to help ease the pain that I am having.

0-4-26-00
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
MAY 1 8 2000
ADMINISTRATIVE REMEDY BRANCH

R. 25

RECEIVED
MAY 2 - 2000
ADMINISTRATIVE REMEDY BRANCH

_____
DATE

GENERAL COUNSEL

CASE NUMBER:

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE.          CASE NUMBER:

**C—RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT:

_____
DATE

_____
SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

NOV-03-00 FRI 04:26 PM                                                    P. 08

Administrative Remedy No. 206522-A2
Part B- Response


This is the response to your Central Office Administrative Remedy
Appeal in which you request a thicker mattress.

Review of your medical record indicates that you have chronic
degenerative joint disease (arthritis) of the left hip.  This has
been present for several years.  You were examined by an
orthopedic specialist on July 14, 1999, who concurred with that
diagnosis and recommended anti-inflammatory/pain medication with
some activity restrictions.  X-rays taken of your hip in
February 2000, continue to show arthritis in the left hip with
some involvement in the right hip.  The progression of your
condition is not brought about by the type of mattress you are
using.  A single mattress will not cause your hip to get worse.
The recommendations of the Health Services Staff and Orthopedic
Surgeon are appropriate.  Your appeal is denied.



_July 20, 2000_
        Date                    _____
                                Harrell Watts, Administrator
                                National Inmate Appeals

R. 26

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

1700

RECEIVED AT FCI ELKTO:
ON 12-20-00

No Complaint

NKDA    No meds

⊕ PPD TX'd    ∅ SI ∅ HI ∅ lice

Anxiety    CXR neg 2-19-00

DJO

D. HALL, PA-C

R. 27

FCI ELKTON

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

Lee, Paul

01656-087

| REGISTER NO. | WARD NO. |
|---|---|

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record

STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|------|

**8-22-00**
**(CONT)**

EVALUATION FOR ASSIGNMENT TO FOOD SERVICE (CONTINUED)

Results of Hepatitis Serologic Testing (if indicated):

Other Tests Results (as indicated)

A.  Qualified for Food Service?          (YES)    NO

P.  Follow up for treatment medically indicated?     YES    (NO)

If Yes:  placed in appropriate clinic?        YES    (NO)

Schedule for re-evaluation in 1 Year?       (YES)   NO

*M. Manh // P + C*
Robert Manenkoff, PA-C
Physician Assistant

**10-6-00**
**1215**

S. Sinus congestion. at night causing him to
snore. No coryza or rhinorrhea

O. HEENT  WNL

A. Possible allergy

P. Pt. Ed - use saline spray or CTM
available in commissary
Pt. understands + agrees.

*M. M P + C*
Robert Manenkoff, PA-C
Physician Assistant

**10/30/00**
**1430**

**ADMINISTRATIVE NOTE:** Entire chart except for
dental copied for atty Jeff Frommm, Supervisory
Atty. FCC Allenwood.   202 pages.

*WRehm Med Secty*
W. Rehm,
Medical Secretary

U.S. Government Printing Office: 1993 — 300-892/80154                    STANDARD FORM 600 BACK (REV. 3-84)

R. 28

NSN 7540-00-634-4176                                                           800-

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

| DATE | S. | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|---|

**DATE:** 8-22-00   1210

S.  EVALUATION FOR ASSIGNMENT TO FOOD SERVICE

PERTINENT MEDICAL HISTORY (Circle appropriate responses below)

| | | |
|---|---|---|
| H/O Tuberculosis | YES | (NO) |
| H/O Positive Mantoux or PPD | (YES) | NO  POS PPD |
| H/O BCG Vaccination | YES | NO  Tx' 1995 |
| H/O Jaundice or Hepatitis | YES | (NO) |
| H/O Any Sexually Transmitted Disease | YES | (NO) |
| H/O Intravenous Drug Use | YES | (NO) |
| H/O Positive HIV Serology | YES | (NO) |
| H/O Pulmonary Disease | YES | (NO) |
| H/O Skin Lesions | YES | (NO) |

Explain all YES responses or provide any other history as indicated.

O.  Vital Signs:  B/P 128/70   Pulse 68   Resp 16   Temp 98   Wt 2//

| | | |
|---|---|---|
| FULL SKIN EXAM: Evidence of open sores, skin lesions, wounds, or any contagious skin condition? | YES | (NO) |
| HEENT EXAM: Icterus? | YES | (NO) |
| Oral, pharyngeal, and nasal mucous membranes lesions? | YES | (NO) |
| Any tympanic membranes abnormalities? | YES | (NO) |
| CHEST EXAM: Any adventitious breath sounds? | YES | (NO) |
| ABDOMINAL EXAM: Tenderness? | YES | (NO) |
| Hepatomegaly? | YES | (NO) |
| Splenomegaly? | YES | (NO) |
| GU EXAM Penile lesions? | YES | (NO) |
| Urethral discharge? | YES | (NO) |
| LYMPH NODES EXAM. Any evidence of palpable submandibular, cervical, supraclavicular, axillary or inguinal lymphadenopathy? | YES | (NO) |

| | | |
|---|---|---|
| PPD TESTING: | Date Performed 1995 | |
| | Results: Negative   (Positive) | 15 mm induration |
| RPR TESTING: | Date Performed 8-8-97 | |
| | Results: Non-reactive   Reactive | dils titer |
| HIV TESTING: | Date Performed 7-8-97 | (OVER) |
| | Results: (Non-reactive)  Reactive | |

PATIENT'S IDENTIFICATION *(Use this space for Mechanical Imprint)*

**R. 29**

FCI - ALLENWOOD
PO Box 2500

RECORDS MAINTAINED AT:

PATIENT'S NAME *(Last, First, Middle Initial)*
LEE, PAUL

RELATIONSHIP TO SPONSOR         STATUS

SPONSOR'S NAME

DEPART./SERVICE  SSN/IDENTIFICATION NO.

SEX

RANK/GRADE

ORGANIZATION

DATE OF BIRTH

8-22-00
(CONT)

EVALUATION FOR ASSIGNMENT TO FOOD SERVICE (CONTINUED)

Results of Hepatitis Serologic Testing (if indicated):

Other Tests Results (as indicated)

A.  Qualified for Food Service?          (YES)    NO

P.  Follow up for treatment medically indicated?        YES    (NO)

    If Yes:  placed in appropriate clinic?              YES    (NO)

    Schedule for re-evaluation in 1 Year?         (YES)    NO

                    N. Man M P-C
                    Robert Manenkoff, PA-C
                    Physician Assistant

10-6-00    S. Sinus congestion. at night causing him to
1215          snore.    No coryza or rhinorrhea

           O. HEENT    WNL

           A. Possible allergy

           P. Pt. ed. use saline spray or CTM
              available in commissary

           Pt - understands + agrees.

                    N. Man M P-C
                    Robert Manenkoff, PA-C
                    Physician Assistant

R. 30



# RADIOLOGIC CONSULTATION REQUEST/REPORT

## U.S DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| PAUL LEE | 49248 | | 001656087 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| DEBRA SPOTTS LPN | 04/11/1953 | 47/M | 07/19/2000 |
| FCI ALLENWOOD | | | |
| P.O. BOX 2500 | | | |
| WHITE DEER, PA 17887 | | | |

07/19/2000: 071010 CHEST 1 VIEW FM# 919-00

**DIAGNOSIS:**     Chronic infiltrate right base, no acute infiltrates are observed.

**COMMENTS:** The heart size is top normal with out vascular congestion. Bronchial thickening and chronic infiltrate is noted in the right base unchanged since the prior study. No acute changes are identified at this time.

ELECTRONICALLY SIGNED
Joseph B. Bellissimo, M.D.
JBB/nw
D&T: 083100

CC:    ROBERT MIGLIORINO DO

ROBERT ____ DO

**R. 31**

Government Printing Office: 1994 — 300-897/00016

7-11-00   S. N. c/o b____ dry skin on feet and ___ nails trimmed.

1730   O. Bost bilateral dry skin over lateral aspect of feet c̄ fissures

    ǫbvious callus

A: B/L dry skin feet

68725   P 1. Trimmed toenails bilaterally          2. Vaseline app b.d × 30 days

    2. Lub. derm lotion   Error cc 7/11/00   apply to affected area b.d × 30 days

    3.   **PATIENT ED. AND INSTRUCTION GIVEN**
         **AND PT VERBALIZES UNDERSTANDING**

    ABOUT med use, skin/foot care, follow-up prn.        S/____ ___

188724   4. Size 7 shoe inserts                    6. check off A-c

R. 32

SN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

5/8/00
1300
ADMINISTRATIVE NOTE: Per written request by Vr̄n
2 copies of ortho consults dated 12/12/99 and
7/14/99 given to Vr̄n @ openhouse. Lee-Anne Whitney, R.

5-19-00 S/ Meds Refill
1420 O/ Afford
#/ Rx Hx.
R/ - Naprosyn 275mg. #60 RX1 Evron
Sig: T PO. BID
66230 - Actifed Tab. #30
Sig: T PO. TID. X 10 days. PRN
66231 - IBU 800mg. TB. #60
Sig: T PO. BID 1 Refill
— PATIENT ED. AND INSTRUCTION GIVEN
AND PT VERBALIZES UNDERSTANDING
ABOUT Medication & Cautions          Ulises Vargas, HSA, MLP.

6/26/00 Adm. Note: Per Written request by Inm - 1 copy
of Ortho consult dated 7/14/00.          D. Satsan
                                         D. SATSAN

| PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint) | RECORDS MAINTAINED AT: ► FCI-Allenwood, PO Box 2500, White Dee |
|---|---|
| | PATIENT'S NAME (Last, First, Middle initial)  Lee, Paul | SEX |
| | RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE |
| | SPONSOR'S NAME | ORGANIZATION |
| | DEPART./SERVICE | SSN/IDENTIFICATION NO.  01656-087 | DATE OF BIRT |

R. 33

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE REQUEST TO STAFF MEMBER**

DATE June 6, 000

TO: _____ Health Admin.    Mr. Vargas _____

(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Requesting to have surgery done to mine large hernia of my

"navel" that may be threating if the blood supply to mine bulging

intestine are cut-off.  If mine intestine are cut-off,

spreads of germs throughout the abdomen, in the event could cause

great pain to me.

Use other side of page if more space is needed

**R. 34**

NAME: _____ Paul Lee _____                    No.: _____ 01656-087 _____

Work assignment: _____ Glenn F/S _____        Unit: _____ three b _____

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

Recieved 7-7-00

DISPOSITION: (Do not write in this space.)                    DATE 7/7/00

Paul: you need to make Sick call To be Evaluated

for your Request. if The PA. clinically find That

~~ is Nesesary and Under BOP Guidelines the Hr. T.O.S

~~ To The Commetee for approval ~~~~~~

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 12-4-99 | BP-362 (INMATE INJURY REPORT) COMPLETED ON THIS DATE. |
| | R.J. Mayshock, PA-C |
| | ROBERT MIGLIORINO, D.O. |
| | PATIENT ED. AND INSTRUCTION GIVEN AND PT VERBALIZES UNDERSTANDING |
| 4/12/00 11:00 | **ADMINISTRATIVE NOTE:** ortho clinic |
| | - wants I.M. to use a Kane. - I.M. willing to give it |
| | - ↓ wt. use Bike, walk. Avoid high impact activity. |
| | - Naprosyn 275mg ↑ p.o. BID x 30 days. NR's |
| 60155 | May take it QHS dose if needed. Not to exceed 2 doses |
| | Will discuss hip surgery c̄ Pt if he is compliant c̄ Kane & |
| | Johnson |
| | **ADMINISTRATIVE NOTE:** |
| 4/26/00 1140 | Records copied from 2/96 to present to facilitate response to tort claim TRT-NER-00-419. Copies included x-ray reports, BP600 notes, ortho consults, medical history report, report of medical exam and medical status forms total 26 pages. |
| | W.Rehm, Medical Secretary |
| | W. Rehm, Medical Secretary |

R. 35

STANDARD FORM 600 BACK (REV. 5

L RECORD OF MEDICAL CARE

JT, TREATING ORGANIZATION *(Sign each entry)*

Today ~~~~~~~~

R.L. Maysheck, PA-C

acilitate response

2-99-364

to present including

tal.

Rehm  Medical Secretary

N. Rehm  Medical secretary

lab work  check up. Pla~~~

aspint. ℞ foot

℞ foot

chem profile

Lisa Patt PA-s
(Lisa PattPa-s)

~~Robert Manenkoff, PA-C~~
Physician Assistant

t hurt soak foot warm water

| First, Middle (initial) | | SEX |
| Paul | | |
| NSSN | STATUS | RANK/GRADE |
| | ORGANIZATION | |
| IDENTIFICATION NO. | | DATE OF BIRTH |
| 01656-087 | | 4-11-57 |

RD OF MEDICAL CARE    STANDARD FORM 600 (REV. 5-84)

513-110

NSN 7540-00-634-41?

| MEDICAL RECORD | CONSULTATION SHEET | 183 |

## REQUEST

TO: _Ortho._

FROM: (Requesting physician or activity)
F.A. Terrero-Pena, MLP, PA

DATE OF REQUEST: _1-6-200_

REASON FOR REQUEST (Complaints and findings)

_46. y.o. Bō c̄ severe DJD of L Hip._
_Please evaluate. Thank you._

PROVISIONAL DIAGNOSIS

DOCTOR'S SIGNATURE: _____, D.O

APPROVED: _2/3/0_

PLACE OF CONSULTATION
☐ BEDSIDE   ☐ ON CALL

☐ ROUTINE
☐ 72 HOURS

☐ TODAY
☐ EMERGENCY

## CONSULTATION REPORT

RECORD REVIEWED ☐ YES ☐ NO      PATIENT EXAMINED ☐ YES ☐ NO

4-12-00      I saw Mr. Paul Lee before. He had some repeat x-rays of his left hip
and tells me the hip bothers him, particularly at night. He has refused
to use a cane at this point. We talked about it once again. If he requests
one and thinks it is of any use, I think it is a good thing to try.
He does work out. I think that is great that he is trying to keep his
weight under control.

His exam is about the same. He has pain beyond 90° and up at about 90°
he wants to abduct somewhat. On internal rotation he goes to just beyond
neutral and then he has pain. His distal neurovascular status is grossly
intact.

He is only 46 years old, and he may benefit from a good course of Naprosyn
or Motrin. He does tell me he takes Naprosyn daily, so I think they
can make a balance reason for all of this. His hip doesn't inhibit him
from working out, but it is pretty miserable at night. When he wants
to talk about a hip replacement I think it would be reasonable to have
this discussion with him and perhaps even have Dr. Hahn give him a
surgical talk. He is somewhat resistant to the cane, and I told him
why I think it would be beneficial to at least try it and give a fair
trial at that. I will see him as needed.

John T. Magill, III, M.D./hh

cc: Health Services      (Continue on reverse side)

SIGNATURE AND TITLE

| IDENTIFICATION NO. | ORGANIZATION | REGISTER NO. | WARD NO. |

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

FCI - ALLENWOOD _Lee, Paul A._
PO Box 2500
White Deer PA. 17887

R. 37

_# 01656-087_

• U.S.G.P.O.: 1993-347-790

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201-9.202-1



933 ZEIGLER ROAD
LEWISBURG, PA 17837
(570) 522-9300
(888) 522-5540
FAX (570) 522-9304
FAX (888) 522-5541

Services

Open MRI
Spiral CT
Mammography
Ultrasound
X Ray

Professional Services
Provided By Tristán
Associates

Jinan O. Bahia, M.D.
Joseph B. Bellissimo, Jr., M.D.
Brian P. Bloom, M.D.
Dean M. Brockmole, M.D.
Milton A. Friedlander, M.D.
Mark A. Guenin, M.D.
James R. Hills, M.D.
Joachim J. Huerter, M.D.
Judith A. Jozefiak, M.D.
Michael J. Mandell, M.D.
Ellen M. O'Mara, D.O.
Albert R. Porter, M.D.
Donald J. Schnapf, D.O.
James W. Warren, M.D.

Affiliated Offices

YORK IMAGING CENTER
1640 South Queen Street
York, PA 17403
(717) 843-8983
(800) 648-7489

TRISTÁN ASSOCIATES
4518 Union Deposit Road
Harrisburg, PA 17111
(717) 652-5840
(888) 452-5840

TRISTÁN ASSOCIATES
32 Northeast Drive
Suite 101
Hershey, PA 17033
(717) 533-1736

```
Paul Lee   01656-087
Bilateral Hips
02/04/00
```

COMMENT:      AP & frog leg views of both hips were obtained.
Degenerative changes of the acetabuli are identified, left
greater than right.   There is marked bony productive change
about the inframedial and supralateral aspect of the left
acetabulum.   There is joint space narrowing on the left
greater than right.  No fractures or acute bony abnormalities
are seen.

IMPRESSION:     1)   Bilateral osteoarthritis, left greater
                than right.


                            Judith A. Jozefiak, M.D.

JAJ/nlw
D&T:   021800                            ROBERT MIGLIORINO, D.O.
                                         12/4/22

**R. 38**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE REQU** **TO STAFF MEMBER**

DATE _____ 02-1-00

TO: _____ Dr. Migliorino    F.C.I. Allenwood
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Requesting, know what kind of exercise that I am permitted to
do here, since you have denied me my right to exercise, because of
my degenerative joint disease of the hip.

(Use other side of page if more space is needed)

NAME: ____ Paul Lee ____                       No.: ____ 01656-087
         F/S                                    three -b
Work assignment: _____              Unit: _____

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)              DATE 2/1/00

After reviewing your medical chart, you have
no restrictions listed at this facility

**R. 39**

ROBERT MIGLIORINO, D.O
                                    Officer

FCI - ALLENWOOD

Original – File

BP-S149.070  **INMATE REQUEST TO STAFF MEMBER** CDFRM
APR 94

**UNITED STATES DEPARTMENT OF JUSTICE     FEDERAL BUREAU OF PRISONS**

DATE  12-22-99

TO:  Health Service, Doctor, in charge of Orthopedics
_____
(Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you
desire assistance and what you think should be done (Give
details).

Requesting to see the Doctor, concerning my left hip, why I am

restricted from any actives.

(Use other side of page if more space is needed)

NAME:  Paul lee                          No.:  01656-087

Work Assignment:  F/S           Unit:  three (b)

NOTE: If you follow instructions in preparing your request, it can be disposed of more
promptly and intelligently. You will be interviewed, if necessary, in order to
satisfactorily handle your request. Your failure to specifically state your problem may
result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE  1-6-2000

**R. 40**

You have been referred to Ortho.
New X-Rays were ordered of your hips. Watch
call out for X-Rays and then Ortho.

F. Senero-Pena

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| FCI Allenwood | LEE PAUL | 01656-087 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| FS | 2B | 12-9-88  0815 |

| 7. Where Did Injury Happen (*Be specific as to location*) | Work Related? ☑ Yes ☐ No | 8. Date and Time Reported for Treatment |
|---|---|---|
| FS |  | 12-9-88  0830 |

**9. Subjective:** (*Injured's Statement as to How Injury Occurred*)(*Symptoms as Reported by Patient*)

Scraped knuckles on set pour cart

*Signature of Patient*

**10. Objective:** (*Observations or Findings from Examination*)

Small Abrasion on (R) 3rd + 4th Finger

X-Rays Taken _____ Not Indicated ☑
X-Ray Results

**11. Assessment:** (*Analysis of Facts Based on Subjective and Objective Data*)

Abrasion

**12. Plan:** (*Diagnostic Procedures with Results, Treatment and Recommended Follow-up*)

Antiseptic wash — Bacitracin Bandaids
Educ: Keep clean + dry — RZ PRN undated
signs — Bandaids issued

**13. This Injury Required:**

☐ a. No Medical Attention
☑ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (*explain*)
_____
_____
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant*

ROBERT MIGLIORINO, D.O.

Original - Medical File
Canary - Safety
Pink - Work Supervisor (*Work related only*)

*Self Carboned Form – If ballpoint pen is used.* PRESS HARD

**R. 41**

# REPORT OF MEDICAL EXAMINATION

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| _(handwritten)_ | | 01656-087 |

| 4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|
| | Routine Request | 9-2-99 |

| 7. SEX | 8. RACE | 9. TOTAL YEARS GOVERNMENT SERVICE | | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|---|
| M | B | MILITARY | CIVILIAN | BOP | |

| 12. DATE OF BIRTH | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|
| 4-11-53 | | |

| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS | 16. OTHER INFORMATION |
|---|---|
| FCI - ALLENWOOD | |

| 17. RATING OR SPECIALTY | PO Box 2500 | TIME IN THIS CAPACITY (Total) | LAST SIX MONTHS |
|---|---|---|---|
| | White Deer PA 17887 | | |

## CLINICAL EVALUATION

NOTES: (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary)

| | (Check each item in appropriate column, enter "NE" if not evaluated.) | NOR-MAL | ABNOR-MAL |
|---|---|---|---|
| 18. | HEAD, FACE, NECK AND SCALP | ✓ | |
| 19. | NOSE | ✓ | |
| 20. | SINUSES | ✓ | |
| 21. | MOUTH AND THROAT | ✓ | |
| 22. | EARS—GENERAL (INTERNAL CANALS) (Auditory acuity under items 70 and 71) | ✓ | |
| 23. | DRUMS (Perforation) | ✓ | |
| 24. | EYES—GENERAL (Visual acuity and refraction under items 55, 56 and 67) | ✓ | |
| 25. | OPHTHALMOSCOPIC | ✓ | |
| 26. | PUPILS (Equality and reaction) | ✓ | |
| 27. | OCULAR MOTILITY (Associated parallel movements nystagmus) | ✓ | |
| 28. | LUNGS AND CHEST (Include breasts) | ✓ | |
| 29. | HEART (Thrust: size, rhythm, sounds) | ✓ | |
| 30. | VASCULAR SYSTEM (Varicosities, etc.) | ✓ | |
| 31. | ABDOMEN AND VISCERA (Include hernia) | ✓ | |
| 32. | ANUS AND RECTUM (Hemorrhoids, Fistulas) (Prostate, if indicated) | ✓ | |
| 33. | ENDOCRINE SYSTEM | ✓ | |
| 34. | G-U SYSTEM | NE | |
| 35. | UPPER EXTREMITIES (Strength, range of motion) | ✓ | |
| 36. | FEET | ✓ | |
| 37. | LOWER EXTREMITIES (Except feet) (Strength, range of motion) | ✓ | |
| 38. | SPINE, OTHER MUSCULOSKELETAL | ✓ | |
| 39. | IDENTIFYING BODY MARKS, SCARS, TATTOOS | ✓ | |
| 40. | SKIN, LYMPHATICS | ✓ | |
| 41. | NEUROLOGIC (Equilibrium tests under item 72) | ✓ | |
| 42. | PSYCHIATRIC (Specify any personality deviation) | ✓ | |
| 43. | PELVIC (Females only) (Check how done) ☐ VAGINAL  ☐ RECTAL | | |

_(handwritten notes in NOTES column):_
Male Pattern alopecia
(Cerumen) (R)
EASILY REDUCIBLE UMBILICAL HERNIA
Seen PREVIOUS 8/99

(Continue in item 73)

## 44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

| | | | | | |
|---|---|---|---|---|---|
| 32 31 30 ○ Restorable teeth | 32 31 30 / Non-restorable teeth | 32 31 30 x Missing Teeth | 32 31 30 Replaced by Dentures | 32 31 30 x Fixed Partial dentures | |

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES

R: 1 2 3 4 5 6 7 8 | 9 10 11 12 13 14 15 16 :L
32 31 30 29 28 27 26 25 | 24 23 22 21 20 19 18 17 EFT

## LABORATORY FINDINGS

| 45. URINALYSIS. A. SPECIFIC GRAVITY | | 46. CHEST X-RAY (Place, date, film number and result) |
|---|---|---|
| B. ALBUMIN | D. MICROSCOPIC | |
| C. SUGAR | | |

| 47. SEROLOGY (Specify test used and result) | 48. EKG | 49. BLOOD TYPE AND RH FACTOR | 50. OTHER TESTS |
|---|---|---|---|
| | | | **R. 42** |

NSN 7540-00-634-4038
68-124

Standard Form 88 (Rev. 3-89)
General Services Administration
Interagency Comm. on Medical Records

## MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD: | 56. TEMPERATURE |
|---|---|---|---|---|---|
| 5'7 | 223 | BLK | BRN | ☐ SLENDER ☐ MEDIUM ☑ HEAVY ☐ OBESE | |

| 57. | BLOOD PRESSURE (Arm at heart level) | | | 58. | PULSE (Arm at heart level) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| A. SITTING SYS. 136 DIAS. | B. RECUMBENT SYS. DIAS. | C. STANDING (5 min.) SYS. DIAS. | | A. SITTING 72 R | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |

| 59. | DISTANT VISION | 60. | | REFRACTION | | 61. | | NEAR VISION | |
|---|---|---|---|---|---|---|---|---|---|
| RIGHT 20/ | CORR. TO 20/ | BY | S. | CX | | | CORR. TO | | BY |
| LEFT 20/ | CORR. TO 20/ | BY | S. | CX | | | CORR. TO | | BY |

| 62. HETEROPHORIA (Specify distance) | | | | | | | |
|---|---|---|---|---|---|---|---|
| ES° | EX° | R.H. | L.H. | PRISM DIV. | PRISM CONV. CT | PC | PD |

| 63. | ACCOMMODATION | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) | UNCORRECTED |
|---|---|---|---|---|
| RIGHT | LEFT | | | CORRECTED |

| 65. FIELD OF VISION | 67. NIGHT VISION (Test used and score) | 68. RED LENS TEST | 69. INTRAOCULAR TENSION |
|---|---|---|---|
| | | | |

| 70. | HEARING | 71. | | | AUDIOMETER | | | | | | | 72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT WV /15 SV /15 | | | 250 256 | 500 512 | 1000 1024 | 2000 2048 | 3000 2896 | 4000 4096 | 6000 5144 | 8000 8192 | |
| LEFT WV /15 SV /15 | | RIGHT | | | | | | | | | |
| | | LEFT | | | | | | | | | |

73 NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

UMBILICAL HERNIA - REDUCIBLE
OBESITY
@ PPD, TREATED 1995

75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)

| 76. | A. PHYSICAL PROFILE | | | | | |
|---|---|---|---|---|---|---|
| | P | U | L | H | E | S |
| | | | | | | |

77. EXAMINEE (Check)

A. ☑ IS QUALIFIED FOR

B. ☐ IS NOT QUALIFIED FOR

B. PHYSICAL CATEGORY

| A | B | C | E |
|---|---|---|---|
| | | | |

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

| 79. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
|---|---|
| R.J. Mayshock, PA-C | |
| 80. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
| | |
| 81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) | SIGNATURE |
| | |
| 82. TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINING AUTHORITY | SIGNATURE | NUMBER OF ATTACHED SHEETS— |
| ROBERT MIGLIORINO, DO, MD | | |

NSN 7540-00-634-4038
88-124

*U.S. Government Printing Office: 1994 — 300-892/60187

SF 88 (Rev. 3-89) PAGE 2

R. 43

FRAGILE

FROM: UNICOR

SEPH HUTTON
FCI ALLENWOOD HEALTH SVC  65¢  5502
RT 15 2 MI N OF ALLENWOOD  01182
WHITE DEER      PA  17887-2500
01656-087 LEE LI12

(FX) FEDERAL FIRST CLASS

JOSEPH HUTTON
FCI ALLENWOOD HEALTH SVC
RT 15 2 MI N OF ALLENWOOD
WHITE DEER, PA  17887

PATIENT NAME 01656-087 LEE LI12

| POWER | | | | PRISM | | |
|---|---|---|---|---|---|---|
| R | SPHERE -.50 | CYLINDER -1.25 | AXIS 95 | | | |
| | -1.00 | -.75 | 85 | △ IN | △ OUT | △ UP △ DOWN |

SEGMENT

| | ADD | HEIGHT | BASE CURVE | | | |
|---|---|---|---|---|---|---|
| L | | | 6.00 | | | |
| | | | 5.50 | CENTER | EDGE | |

3.5 SPD 1.0 PD
C.C.  34.0
34.0
68.0
DEC. 4.0
4.0  INSET  TOTAL

R SINGLE VISION
LENS STYLE POLYCARBONATE    COATED
LENS COLOR
SINGLE VISION
INDUSTRIAL THICKNESS 3.0 MM      COATED
BILLED TO ACCT    9991
TOTAL RX PRICE
USE FINISHED ONLY

| | SIZE | 6.00 | PRICE 35.00 |
|---|---|---|---|
| | BASE CURVE | 5.50 | |

FRAME NAME LAB SUPPLIED    FRONT CHASSIS COLOR
SS 83-84
DEL. 24    TEMPLE STYLE    SMOKE
SIZE TEMPLE ST & SK ZYL    TEMPLE COLOR
20  73-83-TN
TEMPLE COLOR
SMOKE

PATIENT NAME 01656-087 LEE LI12
NAME
H HUTTON

5502    DATE 08/30/99    REF NO I -22963

TOTAL ▷    35.00

SHIPPING ORDER

**R. 44**

BP-S622.060
AUG 96

# RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM

## U. S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF PRISONS

| Patient Identification<br>Name, Register Number, Institution | Age 46 | Sex M | EXAMINATION REQUESTED |
|---|---|---|---|
| LEE, Paul<br>01656-087      4/11/53 | Pregnant<br>☐ Yes  ☒ No | | Chest |

| Requested by *M. Mandir M* | | | Date Requested 7/2/99 |

FCI ALLENWOOD, WHITE DEER, PA

Specific reason(s) for request (Complaints and findings)

Hx. + PPD - annual examination

| Date of examination 7/2/99 | Date of Report 7/13/99 | Date of Transcription 7/16/99 | Film # 7623-99 |

Radiologic Report    CHEST (SINGLE PA VIEW)

Normal heart and lungs. No pleural, hilar, or mediastinal abnormalities of
significance noted. No radiographic changes suspicious of an active TB
noted.

IMPRESSION: NORMAL.

Signature *Q. Clark, M.*

Location of Radiologic Facility
FCI ALLENWOOD, WHITE DEER, PA.

*PA 7/16/99*
*(530-21 MG108 PhD DO*

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)

lc

R. 45

ATTACH 3D REPORT ALONG HERE ▲ AND SUCCEEDING ONES ON ABOVE LINES

ATTACH 2D REPORT WITH TOP AT THIS LINE ▲

ATTACH 1ST REPORT ALONG LEFT MARGIN WITH TOP AT THIS LINE ▲

BS622.060
AUG 96    RADIOLOGIC CONSULTATION REQUEST/REPORT    CDFRM

U.S. DEPARTMENT OF JUSTICE    4-11-53    FEDERAL BUREAU OF PRISONS

| Patient Identification Name, Register Number, Institution | Age | Sex | EXAMINATION REQUESTED |
|---|---|---|---|
| Lee, Paul A. | 46 | M | (1) hip |
| 01650-087 | Pregnant ☐ Yes ☒ No | | |
| | Requested by D. Darr M.S. | Date/Time Requested 4-26-99 | |

Specific reason(s) for request (Complaints and findings)

Hx. ① hip arthritis.

| Date of examination 6/2/99 | Date of Report 6/23/99 | Date of Transcription 6/30/99 | Film # 634-99 |
|---|---|---|---|

Radiologic Report

LEFT HIP
There are no recent fractures nor dislocations. There are no lytic nor blastic lesions seen. Severe degenerative arthritis of the left hip joint is noted, with irregular narrowing of the joint space, cortical sclerosis, & marginal spur formation.

IMPRESSION: SEVERE DEGENERATIVE CHANGES OF THE LEFT HIP JOINT.

Location of Radiologic Facility
FCI ALLENWOOD, WHITE DEER, PA.

Signature _____

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)

**R. 46**

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (sign each entry) |
|---|---|
| 1.99 135 | S: Pt in for ORTHO Consult c̄ Dr. Magill. O: Examined by DR. Magill. See consult sheet A: DJD of ® Hip. P: Pt instructed candidate for hip replacement in future offered cane and local injection. Which pt. refused. RTC - PRN. *F. Terrero-Pena* F.A. Terrero-Pena, MLP, PA |
| 14/99 700 | **ADMINISTRATIVE NOTE:** **PT. SEEN BY OPTOMETRY CONSULTANT.** **SEE CONSULT IN SECTION 2.** Lee-Anne Whitmyre, HIT |
| 28/99 1449 | **ADMINISTRATIVE NOTE:** wrong chart per written request by I/M A copy of medical records, excluding HIV results (in copies given to the in mail. Lee-Anne Whitmyre, HIT |
| 10/15/99 1115 | EP-362 (INMATE INJURY REPORT) COMPLETED ON THIS DATE. R.J. Mayshock, PA-C |
| 8-18-99 1050 | Ⓢ Pt. requesting Prostate exam. Denies any symptoms, but wants it checked due to his age. Ⓞ abd - round, soft, N.T. active BS, x4. ø masses Rectal - ø hemorrhoids, no enlargement of prostate, firm, non-tender, no masses    occult bld neg. Ⓐ Painless prostate exam, no abnormalities found. Ⓟ Dx: PSA ordered Rx: ø Pat Ed: PATIENT EDUCATION AND INSTRUCTION GIVEN AND PREVENTIVE MEDICINE pending test RTC: Pen Cont - M.A. Gregson Bryant PA-C |

NSN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

4-30-99 (O) — unchanged from previous
cont (A) 1 URI- Viral

(P)/ PATIENT EDUCATION AND INSTRUCTION
GIVEN AND PT VERBALIZES UNDERSTANDING
ABOUT _can get CTMS_

from commissary

pt requests refill Actifed / Humabid
Request Denied Requests "little
yellow pills."

② RTC prn or if sx worsen.

Robert Manenkoff, PA-C
Physician Assistant

5/3/99
ROBERT MIGLIORINO, D.O.

D. Dluge PA-
DAWN DLUGE

6-23-99   Admin note: Patient did not show for sick call appt
1545                                  M. Anthony Bryant, PA-C

7-6-99   S. Pt. here to discuss x-ray result.
1245    O. no exam done
        A. DJJ ® Hip
        P. Pt. Ed. - OTP: explained to pt. c̄
           various Tx options.
           Explained that he will see orthopedic
           specialist
           Pt. agrees + understands
                        R. Manenkoff PA-c
                        Robert Manenkoff, PA-C
                        Physician Assistant

**R. 48**

| PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint) | RECORDS MAINTAINED AT: ► | | |
|---|---|---|---|
| FCI Allenwood | PATIENT'S NAME (Last, First, Middle initial) Lee Paul | | SEX |
| | RELATIONSHIP TO SPONSOR | STATUS | RANK/GRA |
| | SPONSOR'S NAME | | ORGANIZATION |
| | DEPART./SERVICE | SSN/IDENTIFICATION NO. 01656-087 | DATE OF B 4-11-5 |

CHRONOLOGICAL RECORD OF MEDICAL CARE    STANDARD FORM 600 (REV
Prescribed by GSA and ICMR

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|-----------|
| 4-26-99<br>1440 | S/ Pt. c/o nasal d/c (white) c̄ congestion c̄ cough c̄ sputum. Also c/o hernia ; hx ⓁR hip bursitis |
| | O: T 97.6°F |
| | HEENT: NC/AT ⊖ sinus tenderness; PERRLA /EOMI/ Ed/c. canals clear, TM's gray c̄ light reflex /landmarks turbinates inflammed c̄ white d/c. Throat patent c̄ mild erythema ⊕PND. neck: ⊖ lymphadinopathy lungs: CTA B̄ s̄ Adventitia. CV: RRR abd: soft/round NT/ND s̄ organomegaly, ⊕umbilical hernia - reducible ∅strangulation/invagination. Ⓛ hip ↓ ROM all fields, ⊕ point tenderness over joint s̄ erythema or signs of active inflammation |
| | A/ 1 URI - viral |
| | 2. umbilical hernia |
| | 3. ⓁR hip bursitis by hx. |
| 46351<br>46352<br>46353 | P/ Rx: Humabid Ꞓ po BID x5d.<br>Actifed Ꞓ po TID x5d<br>Motrin 400mg Ꞓ - ᶦᶦ q 6-8° or prn for pain x10d |
| M. Potter, Rph.<br>Pharmacist | X-rays: 4-ray ⓁR hip<br>PATIENT EDUCATION AND INSTRUCTION GIVEN AND PT VERBALIZES UNDERSTANDING ABOUT ①etiologies<br>②meds c̄ side effects<br>③f/u: RTC prn<br>④consult for ortho written<br><br>Robert Manenkoff, PA-C<br>Physician Assistant<br><br>S Klug PA-<br>Dawn Kluge |
| 4-30-99<br>1300 | S/ "The medication you gave me is not working."<br>Pt. still c̄ white nasal d/c, congestion, cough.<br>Medicines will run out tomorrow.<br>Pt. denies any Δ in sx. or severity (cont) |

NSN 7540-00-634-4175

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

INMATE ARRIVED FCI ALLENWOOD on 11-16-98 at 202
hours - TRANSFER from FCI BECKLEY.

J. WILLIAMSON, HIT

4-19-99 Ⓢ Patient c/o "my glasses are causing dark places under my
1110 eyes" States glasses were prescribed at FCI Beckley wh
~~his personal~~ glasses we found, "not to be
strong enough." Optometry prescribed current glasses + frames.
States ~ The Officers keep asking me who hit me in the

Ⓞ Eyes- PERRLA, EOM's intact. Lower orbits show hyperp
skin with the pattern of the frame clearly visible.
Orbit is nontender to palpation, ø edema is noted.

Ⓐ Hyperpigmentation of skin of lower orbits. R/O hypersensitive to
frame of glasses.

Ⓟ Dx: Optometry consult to re-evaluate prescription and install
lenses into personal frames.

Rx: ø

Pat Ed: PATIENT EDUCATION AND INSTRUCTION
GIVEN AND PT VERBALIZES UNDERSTANDING
ABOUT Optometry consult. Wear glasses only when wor
or reading until seen by optometry.

RTC: PRN or per Optometry appt.

ROBERT MIGLIORINO, D.O.                M. Anthony Bryant, PA-C

**R. 50**

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

FCI - ALLENWOOD
PO Box 2500
White Deer PA. 17887

| RECORDS MAINTAINED AT: | | |
|---|---|---|
| PATIENT'S NAME (Last, First, Middle initial) LEE, PAUL A | | SEX M |
| RELATIONSHIP TO SPONSOR | STATUS | RANK/GRA |
| SPONSOR'S NAME | | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. 01656-087 | DATE OF BI 4-11-5 |

CHRONOLOGICAL RECORD OF MEDICAL CARE     STANDARD FORM 600 (REV.

NSN 7540-00-634-4178                                                    600-108

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT  TREATING ORGANIZATION (Sign each entry) |
|---|---|
| 11/2/98 08:42 NKA | S. have (L) hip arthritis need pain med O+A hip pain by hx P Motrin 800 TID prn X30[?] E dre dx to Rx ~ comp. Ab of [signature] Marti Jones, RN Contract Nurse FTC, Oklahoma City, OK |

*Federal Transfer Center, OK*
*Kent Officer, Rph*

R. 51

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

Lee Paul
01656087
3A

Federal Transfer Center

| RECORDS MAINTAINED AT: | | |
|---|---|---|
| PATIENT'S NAME (Last, First, Middle Initial) | | SEX |
| RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE |
| SPONSOR'S NAME | | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. | DATE OF BIRTH |

CHRONOLOGICAL RECORD OF MEDICAL CARE    STANDARD FORM 600 (REV. 5-84)

BP-S149.060 **MEDICAL RECORD OF FEDERAL PRISONER IN TRANSIT** CDFRM
JUL 96
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TB Clearance | |
| --- | --- |
| PPD Completed: 3/10/95 | |
| Date | |
| Results: 15 mm | |
| Interpreted as: _Pos_ (Positive or Negative) | |
| CXR Completed: 7/1/98 (Date) | |
| Results: WNL | |
| Note: Date(s) listed above must be within one year of this transfer. | |
| No inmate may be transferred to any BOP facility unless either PPD or CXR results are satisfactory for medical clearance. | |

Name: _Lee, Paul_    Reg. No. _01656-087_

Departed From: _FCI Beckley_    Date Departed: _10/28/98_

Destination: _ALM_    Reason for Transfer: _WDD-MEDICAL_
Name of Institution

Special Instructions: Blood and Body Fluid Precautions

_NO KNOWN ALLERGIES_

Diagnoses:  1. _Hx.A) VBD_    4.
2. _ESSENTIALLY HEALTHY MALE_    5.
3.    6.

**MEDICATION FOR CARE ENROUTE**

| Medication | Dose | Route | Instructions for Use (Include proper time for administering) | Stop |
| --- | --- | --- | --- | --- |
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Signature of Certifying Medical Staff Member | Title | Date Signed |
| --- | --- | --- |
| _E. Chu, I. EJCHIN_ | _VA_ | _10/27/98_ |

**PROGRESS NOTES ENROUTE**

| Date | Time | Institution | Symptoms, Findings, Medications, Treatment, Order, Etc. |
| --- | --- | --- | --- |
| 10/27/98 | 1400 | FCI OIC | O.K. FOR TRANSFER. _EML_ |

Federal Transfer Center      OCT 2 6 1998
Oklahoma City, OK
Date _____
Medication: ___ Yes ___ No
Hot Meds: ___ Yes ___ No
Meds Issued: ___ Yes ___ No
Lice Seen: ___ Yes ___ No

Signature & Stamp

Brian Cronenwett, LT.
Registered Nurse
Federal Transfer Center, OKC, OK

Food or Drug Allergies:
NKA; Allergies:

Current Medical Status:
No Complaints; Complaint of _____

TB Signs and Symptom(s)  NONE
cough, hemoptysis, night sweats, wt. loss

MEDICATION TIMES
once daily = 8:00 am
2 x daily = 8:00 am, 8:00 pm
3 x daily = 8:00 am, 1:00 pm, 6:00 pm
4 x daily = 8:00 am, 12:00 pm, 4:00 pm, 8:00 pm
Other = Pharmacy Dept.
N.C. Department

NOV 1 3 1998    **R. 52**

11-6-98  1945 FCI-ALM reviewed BP 360 ≤ IIM
ø meds now C/O presently ø lice seen

Attach SF-600 if additional space is required.

Record copy - Transporting Officer; Copy - Health Record (Top page, Position one); Copy - Transferring institution

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| FCI Beckley | Lee, Paul | 0156087 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| Food Service | Vodar A Upper | 8/25/98 0600 |

| 7. Where Did Injury Happen *(Be specific as to location)* | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| Food Service, dish room | ☐ Yes  ☒ No | 8/25/98 0645 |

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

"The guy said something I did not like and we fought."

*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*

Has minor bleeding

laceration 5th metacarpal jt. FROM,

no edema.

X-Rays Taken _____  Not Indicated ____✓____
X-Ray Results

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

① minor laceration       879.6 (A)

② Contusion

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

① Triple antibiotic twice x day

② Keep wound dry & clean

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other *(explain)*

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

E. Schip, PA
*Signature of Physician or Physician Assistant*

*Self Carboned Form – If ballpoint pen is used, PRESS HARD*

Original - Medical File
Canary - Safety
Pink - Work Supervisor *(Work related only)*
Goldenrod - Correctional Supervisor

**R. 53**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

INMATE INJURY ASSESSMENT AND FOLLOWUP
*(Medical)*

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| FCI ALLENWOOD | LEE PAUL | 01656-087 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| FS AM | 3B | 8-13-99 1110 |

| 7. Where Did Injury Happen *(Be specific as to location)* | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| FS DINING AREA | ☒Yes ☐No | 8-13-99 1115 |

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

CARRING 2 RACKS OF PLASTIC CUPS — HAND
WALKING — CAUGHT SLEEVE ON METAL BOX & CUT
® 4th FINGER ON PLASTIC          CL_____

Signature of Patient

**10. Objective:** *(Observations or Findings from Examination)*

DEEP ABRASION ® 4th

FINGER DISTAL END @ NAIL ROOT AREA

X-Rays Taken _____ Not Indicated __✓__
X-Ray Results

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

ABRASION

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

ANTISEPTIC WASH — BACITRACIN DRESSING — EDUCATE
TO KEEP CLEAN & DRY — 2 GLOVES ISSUED.

**13. This Injury Required:**

☐ a. No Medical Attention
☐ b. Minor First Aid
☐ c. Hospitalization
☒ d. Other (explain)
   See 12
_____
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

Signature of Physician or Physician Assistant
PA

Self Carboned Form – If ballpoint pen is used. PRESS HARD

Original – Medical File
Canary – Safety
Pink – Work Supervisor *(Work related only)*
Goldenrod – Correctional Supervisor

**R. 54**

513–110                                                                                   NSN 7540-00-634-412

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

## REQUEST

| TO: ORTHO | FROM: (Requesting physician or activity) FAC MED | DATE OF REQUEST 7·24·98 |
|---|---|---|

REASON FOR REQUEST (Complaints and findings)

REFER TO YOUR CONSULT OF 5-4-97. PT RETURNING. PT WOULD LIKE ANOTHER STEROID INJECTION.

PROVISIONAL DIAGNOSIS

PIRIFORMIS SYNDROME

| DOCTOR'S SIGNATURE _____, P. Diambra PA | APPROVED | PLACE OF CONSULTATION | ☐ ROUTINE | ☐ TODAY |
|---|---|---|---|---|
| | | ☐ BEDSIDE   ☐ ON CALL | ☐ 72 HOURS | ☐ EMERGENCY |

*NEGRON-RIVERA FCI BECKLEY*

## CONSULTATION REPORT

| RECORD REVIEWED ☐ YES ☐ NO | PATIENT EXAMINED ☐ YES ☐ NO |
|---|---|

1300 /
12:30 Appointment
NO Show

**R. 55**

(Continue on reverse side)

| SIGNATURE AND TITLE | DATE |
|---|---|

| IDENTIFICATION NO. LEE | ORGANIZATION | REGISTER NO. | WARD NO. |
|---|---|---|---|

PATIENT:  PAUL  A          01656-087        ...le: rank; rate: hospital or medical facility)
B/M/0/04-11-1953
HT/508    WT/205    HR/BK    EY/BN
CUSTODY/IN

CONSULTATION SHEET

Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201-9.20

LEE, PAUL A. -- 01656-087

7-14-99   Mr. Lee is 46 years old.  He says that he never had any trouble
          with his hip before, but he has been having pain for a couple of
          years, while he has been in the system.   There was no trauma
          beforehand.  Overall he is healthy.  He says that he takes no
          medication and that he has no blood problems, etcetera.  At any
          rate, some x-rays were taken that show what is described as
          severe degenerative arthritis of the left hip.  The x-rays are
          not available for my review today.

          On examination today he flexes to about 90 degrees and then he
          has discomfort.  Essentially he has no internal rotation from
          there.  He comes to about neutral.  He has about 15 degrees of
          external rotation.  He flexes the same.  Abduction is about 10 to
          15 degrees less than that of his right hip.

          I talked to him about using a cane.  He tried ibuprofen in the
          past but that didn't seem to help.  Perhaps the combination of
          the two will be of some value.  He is awfully young to have a hip
          replacement, but that may be the best choice for him, depending
          upon how much pain he has.  Certainly he would have to understand
          the risks of proceeding in that fashion.  He complains of
          lateral-sided discomfort a little above the trochanteric area.
          We talked about an injection into the trochanteric area.  He had
          one there a couple of years ago.  He is sore just above the usual
          position for trochanteric bursitis.  Mr. Lee does not want an
          injection.  He does not want to use a cane.

          I would be happy to review the films when they become available.

                              John T. Magill, III, M.D./als

          cc:  Health Services, FCI Allenwood

                                             8/11/99
                                   ROBERT MIGLIORINO, D.O.

**R. 56**

OPNH 75-R0-00 G 84 4127

MEDICAL RECORD | CONSULTATION SHEET

REQUEST

FCI ALLENWOOD
PO Box 2500
White Deer PA. 17887

DATE OF REQUEST
4-26-99

"Ortho clinic

REASON FOR REQUEST

Pt c̄ hx. ℗ hip bursitis. States it is currently painful.
Exam shows ↓ ROM; point tenderness however no erythema or edema
was noted. X-rays of ℗ hip ordered.

PROVISIONAL DIAGNOSIS

℗ hip bursitis

DOCTOR'S SIGNATURE

N. Masenheit

RECORD PREPARED

ROBERT MIGLIORINO, D.O.

PLACE OF CONSULTATION

[ ] INPATIENT    [X] OFF CALL

[X] ROUTINE    [ ] TODAY
[ ] 72 HOURS    [ ] EMERGENCY

CONSULTATION REPORT

7-14-99  See the attached dictated note  JTM/alo

**R. 57**

(Continue on reverse side)

SIGNATURE AND TITLE

IDENTIFICATION NO          CONSULTATION          REGISTER NO

PATIENT'S IDENTIFICATION (For typed or written entries give: Name - last, first, middle; grade; rank; rate; hospital or medical facility)

Lee, Paul A.

DATE

WARD NO.

CONSULTATION SHEET
Medical Record

## A & O EXAMINATION - WEEK OF _____

Inmate Name: LEE, PAUL

Reg. No. 01656-087

Medical Duty Status:

Allergic to Wool
No Sports/No Weight Lifting
No Excess Cold/Wind
Glasses Required for Driving
No Work in High Noise Areas
No Ladders/No Upper Bunk
No Excess Sun
Lower Bunk Required
No Driving-Medical Condition
No Duty Due to Medical Condition
No Food Service
Pollution Free Area
Not Medically Cleared
Orthopedic Shoes
X Regular Duty-No Restrictions ✓
Regular Duty With Restrictions
Soft Shoes
Special Diet-Medical Condition
No Prolonged Standing
No Lifting Over 15 lb.
No Lifting Over 20 lb.
No Lifting Over 25 lb.
X Cleared For Food Service ✓
Other Comments.

_____
_____
_____

Practitioner's Initials: __M__

Chart /MDS's / SMD's Reviewed: _____

Clinics: (check next due date)

Hypertension
Cardiac
Pulmonary
Diabetic
General
Infectious Disease
Mental Health

**Disabilities: (note disability and any necessary accommodations)**

_____

**PPD Status:**

Date of Last PPD 3-10-95 ✓
Last PPD Result +15 mm ✓

If Positive PPD:
Date of Last CXR 7-1-98
TB Prophy Code: 795.5 B
TB Prophy Dates 10-20-95
   (may be by hx or n/a)

Today's Date: 11-27-98

ROBERT MIGLIORINO, D.O.
Clinical Director's Signature

FCI Allenwood
P. O. Box 2500
White Deer, PA 17887

**please place this file in
   Dr.'s box if signature is
   needed on physical exam

**CURRENT STATUS (PER SENTRY) ARE HIGHLIGHTED
PLEASE REVIEW CHART FOR APPROVAL OR CHANGES**   R. 58

BP-S354.060  **INTAKE SCREENING (MEDICAL)**  CDFRM
NOV-94
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

(Medical staff shall complete this screening form on all arrivals to the Institution)

| Institution FCI-ALM | Date of Arrival 11-16-98 | Time of Arrival 1830 |
|---|---|---|

| Inmate's Name Lee, Paul | Register Number 01656-087 |
|---|---|

### M E D I C A L    C L E A R A N C E

1. BP-149(60) reviewed? ☒ yes; ☐ no (Explain)

2. General Population Housing Approved? ☒ yes; ☐ no (Specify limitation or need)

3. Approved for Temporary Work Assignment? ☐ yes; ☒ no (Specify limitations or exclusions)   no barbershop, food service/or hospital until cleared by PA.

4. For Holdovers:  OK for Continued Transport? ☒ yes; ☐ no (Explain)

5. Disabilities?  ☐ yes  ☒ no  (If yes, enter code(s) into MDS)
   Code(s)

6. Remarks:

| Medical Staff Signature Yvonne L Lantz, RN | Date 11-16-98 | Time 1945 |
|---|---|---|
| Medical Staff Title  Registered Nurse | | |

Record Copy - Inmate Central File; copy - file
(This form may be replicated via WP)
                                        Replaces BP-354(60) of APRIL 1990
                                        and BP-S354 of AUG 1994

U.S. Department of Justice
Federal Bureau Of Prisons

**MEDICAL HISTORY REPORT**

**(THIS INFORMATION IS FOR OFFICIAL AND MEDICALLY CONFIDENTIAL USE ONLY AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS)**

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. REGISTER NUMBER |
|---|---|
| Lee  Pau  A | 01656-087 |

| 3. PURPOSE OF EXAMINATION | 4. DATE OF EXAMINATION | 5. EXAMINING FACILITY |
|---|---|---|
| intake Screening | 1-16-98 | FCI-ALM |

6. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED *(Follow by description of past history, if complaint arises)*

"Good" ✓   Ø meds

**7. HAVE YOU EVER** *(Please check each item)*

| YES | NO | (Check each item) |
|---|---|---|
| | ✓ | Lived with anyone who had tuberculosis |
| | ✓ | Coughed up blood |
| | ✓ | Bled excessively after injury or tooth extraction |
| | ✓ | Attempted suicide |
| | ✓ | Been a sleepwalker |

**8. DO YOU** *(Please check each item)*

| YES | NO | (Check each item) |
|---|---|---|
| ✓ | | Wear glasses or contact lenses |
| ✓ | | Have vision in both eyes |
| | ✓ | Wear a hearing aid |
| ✓ | | Stutter or stammer habitually |
| | ✓ | Wear a brace or back support |

**9. HAVE YOU EVER HAD OR HAVE YOU NOW** *(Please check at left of each item)*

| YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | Scarlet fever | | | ✓ | Adverse reaction to serum drug | ✓ | | | Epilepsy or fits |
| | ✓ | | Rheumatic fever | | | | or medicine | | ✓ | | Car, train, sea or air sickness |
| | ✓ | | Swollen or painful joints | | ✓ | | Broken bones | | ✓ | | Frequent trouble sleeping |
| | ✓ | | Frequent or severe headache | | | ✓ | Tumor, growth, cyst, cancer | | ✓ | | Depression or excessive worry |
| | ✓ | | Dizziness or fainting spells | ✓ | | | Rupture/hernia | | ✓ | | Loss of memory or amnesia |
| | ✓ | | Eye trouble | | ✓ | | Piles or rectal disease | ✓ | | | Nervous trouble of any sort |
| | ✓ | | Ear, nose, or throat trouble | | ✓ | | Frequent or painful urination | | | | Periods of unconsciousness |
| ✓ | | | Hearing loss | | | | Bed wetting since age 12 | | | | Have you ever had |
| | ✓ | | Chronic or frequent colds | | ✓ | | Kidney stone or blood in urine | | | | homosexual contact? |
| | ✓ | | Severe tooth or gum trouble | | ✓ | | Sugar or albumin in urine | | ✓ | | Been exposed to AIDS |
| | ✓ | | Sinusitis | | | | VD—Syphilis, gonorrhea, etc. | | | | Alcohol Use (Excessive) |
| | ✓ | | Hay Fever | ✓ | | | Recent gain or loss of weight | | ✓ | | Drug Use/Addiction |
| | ✓ | | Head injury | | ✓ | | Arthritis, Rheumatism, or Bursitis | | | | Marijuana |
| | ✓ | | Skin diseases | | ✓ | | Bone, joint or other deformity | ✓ | | | Cocaine |
| | ✓ | | Thyroid trouble | | ✓ | | Lameness | | | | Heroin |
| | ✓ | | Tuberculosis | | | | Loss of finger or toe | | ✓ | | L.S.D. |
| | ✓ | | Asthma | | ✓ | | Painful or "Trick" shoulder or elbow | | | | Amphetamines |
| | ✓ | | Shortness of breath | | ✓ | | Recurrent back pain | | | | Others: (Specify) |
| ✓ | | | Pain or pressure in chest | | ✓ | | "Trick" or locked knee | | | | |
| | ✓ | | Chronic cough | | | | Foot trouble | | | | Alcohol or drug |
| | ✓ | | Palpitation or pounding heart | ✓ | | | Neuritis | | | | Withdrawal Problems |
| | ✓ | | Heart trouble | | | | Paralysis (include infantile) | | | | |
| | ✓ | | High or low blood pressure | | | | | | | | |
| ✓ | | | Cramps in your legs | | | | | | | | **10. FEMALES ONLY HAVE YOU EVER** |
| | ✓ | | Frequent indigestion | | | | | | | | Been treated for a female disorder |
| | ✓ | | Stomach, liver, or intestinal trouble | | | | | | | | Had a change in menstrual pattern |
| | ✓ | | Gall bladder trouble or gallstones | | | | | | | | ARE YOU PREGNANT |
| | ✓ | | Jaundice or hepatitis | | | | | | | | SUSPECT YOU ARE PREGNANT |

11. WHAT IS YOUR USUAL OCCUPATION?

**R. 60**

12. ARE YOU (Check one)   ☐ Right handed  ☐ Left handed

CHECK EACH ITEM YES OR NO EVERY ITEM CHECKED YES MUST BE FULLY EXPLAINED IN BLANK SPACE BELOW

| YES | NO. | | YES | NO | |
|---|---|---|---|---|---|
| ✓ | | 13. Have you been refused employment or been unable to hold a job or stay in school because of: A. Sensitivity to chemicals, dust, sunlight, etc. | | ✓ | 18. Have you ever had any illness or injury other than those already noted? *(If yes, specify when, where, and give details.)* |
| | | B. Inability to perform certain motions. | | | 19. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? *(If yes, give complete address of doctor, hospital, clinic, and details.)* |
| | | C. Inability to assume certain positions. | | | |
| | | D. Other medical reasons *(If yes, give reasons.)* | | | 20. Have you ever been rejected for military service because of physical, mental, or other reason? *(If yes, give date, and reason, for rejections.)* |
| | | 14. Have you, ever been treated for a mental condition? *(If yes, specify when, where, and give details.)* | | | |
| | | 15. Have you ever been denied life insurance? *(If yes, state reason and give details.)* | | | 21. Have you ever been discharged from military service because of physical, mental, or other reasons? *(If yes, give date, reason, and type of discharge whether honorable, other than honorable, for unfitness or unsuitability.)* |
| | | 16. Have you had, or have you been advised to have, any operations? *(If yes, describe and give age at which occured.)* | | | |
| | | 17. Have you ever been a patient in any type of hospital? *(If yes, specify when, where, why, and name of doctor and complete address of hospital.)* | | | 22. Have you ever received, is there pending, or have you applied for pension, or compensation for existing disability? *(If yes, specify what kind, granted by whom, and what amount, when, why.)* |

EXPLANATION: (#13–22 ABOVE)

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record.

| TYPED OR PRINTED NAME OF EXAMINEE- | SIGNATURE |
|---|---|

INTAKE SCREENING:

INMATE RECEIVED FROM: COURT _____ TRANSFER _____ P.V. _____

OTHER _____

MEDICAL STAFF'S COMMENTS AND OBSERVATIONS: PLEASE DIRECT YOUR ANSWERS TO MENTAL STATUS, POTENTIAL SUICIDE, APPEARANCE, CONDUCT, STATE OR CONSCIOUSNESS, RASHES, JAUNDICE, BRUISES AND/OR MARKS, SWEATING, BODY DEFORMITIES, ETC. NOTE OBSERVATIONS IN BLOCK 23 BELOW.

IF DRUGS HAVE BEEN USED, NOTE TYPE, HOW LONG, HOW MUCH, HOW OFTEN, HOW USED, WHEN WERE THEY LAST USED: HAVE

THERE BEEN ANY PROBLEMS SINCE STOPPING THE USE OF DRUGS OR ALCOHOL? _____

DOES PATIENT NEED TO BE SEEN IMMEDIATELY BY THE MEDICAL STAFF YES _____ NO _____

WHAT ARRANGEMENTS HAVE BEEN MADE? _____

DUTY STATUS: TEMPORARY WORK _____ RESTRICTED _____

GENERAL POPULATION _____ YES _____ NO _____

TYPE AND EXTENT OF LIMITATION _____

23. Physician's summary and elaboration of all pertinent data *(Physician shall comment on all positive answers in item 6 through 22. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.)*

① Hearing loss Ⓛ ear.
② c/o Ⓛ hip bursitis

**R. 61**

| TYPED OR PRINTED NAME OF PHYSICIAN OR | DATE | SIGNATURE | NUMBER OF |

BP-S354.060  **INTAKE SCREENING (MEDICAL)**   CDFRM
NOV 94
**U.S. DEPARTMENT OF JUSTICE**

| (Medical staff shall complete this sc Institution) | | LEE PAUL A         01656-087 B/M/O/04-11-1953 HT/508WT/205HR/BKEY/BN CUSTODY/IN |
|---|---|---|
| Institution | Date of | |

Inmate's Name

## M E D I C A L

1. BP-149(60) reviewed? ☐ yes; ☐ no (Explain)

2. General Population Housing Approved? ☒ yes; ☐ no (Specify limitation or need)

3. Approved for Temporary Work Assignment? ☐ yes; ☐ no (Specify limitations or exclusions)

4. For Holdovers:  OK for Continued Transport? ☐ yes; ☐ no (Explain)

5. Disabilities?  ☐ yes   ☒ no  (If yes, enter code(s) into MDS) Code(s)

6. Remarks:

| Medical Staff Signature | | Date OCT 2 6 1998 | Time |
|---|---|---|---|
| Medical Staff Title | Brian Cronenwett, LT. Registered Nurse Federal Transfer Center, OKC, OK | | |

Record Copy - Inmate Central File; copy - File
(This form may be replicated via WP)

Replaces BP-354(60) of APRIL 1990
and BP-S354 of AUG 1994

NSN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT  TREATING ORGANIZATION (Sign each entry) |

| | |
|---|---|
| 8/24/98 | 0905.  N∅ /Show  S/C  0830 Appointment /R.Blakey |
| 9-15-98 | S- see ortho consult 7-24-98.  would like steroid injection |
| 0730 | O- Different |
| SHU | A- Piriformis Syndrome |
| | P+E -① indocin 25 mg ↑ TID pc #21 |
| | ② re-initiate consult.                          PA |
| | P. Diehl PA |

R. 63

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

Federal Correctional Institution
P.O. Box 1280
Beaver, WV 25813

| RECORDS MAINTAINED AT: | | | |
|---|---|---|---|
| PATIENT'S NAME (Last, First, Middle initial)  Lyy, Paul | | | SEX |
| RELATIONSHIP TO SPONSOR | STATUS | | RANK/GRADE |
| SPONSOR'S NAME | | ORGANIZATION | |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. | | DATE OF BIRTH |

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 7·24·98<br>0840<br>T-98·8<br>P=80<br>R-12<br>B/P $\frac{136}{82}$ | S - #1 UMBILICAL HERNIA, #2 (L) HIP PAIN - SEE ORTHO CONSULT OF<br>8-4-97.<br>O- 3.5cm UMBILICAL HERNIA, REDUCIBLE ~s R.S.<br>A- UMBILICAL HERNIA - NON INCARCERATED<br>PIRIFORMIS SYNDROME<br>P/E - ① NO Tx FOR HERNIA NEEDED ② PT COUNSELED re: HERNIA<br>INCARCERATION. ③ REFER TO DR BATEMAN FOR STEROID<br>INJECTION CONSIDERATION ④ NO NEED FOR LOW BUNK.<br>⑤ INDOCIN 25. ~c 1 TAB PC #21 R+1    PD ——<br>P. Diambra PA |
| 8.14.98<br>HR 87<br>BP-153/84<br>T- 98.8<br>0850 | S: " I have a boil"<br>O: On exam pt. has an<br>infected hair follicle on<br>inner thigh<br>A: Boil<br>· P: ① Keflex 500 mg ~c 1 W BID #20<br>② Indocin 25 mg PO TID #15<br>③ Educated about Tx.<br>B. ———, PA |

JSN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign each entry) |

5-14-98  S: BP 128/82    HR 77    T. 97²

0855  S- C/o Pain ⓇElbow x Started last
wk - in activity while rolling ?

O- ⓇElbow tender to palpation over the
distal 3rd just below the elbow flexion
Surprise flex extension Rc -
pronat Supinate Rc

A ⓇElbow Strain

P- Motrin 400 # 28 2 tabs after
breakfast & Supper - w/
Advise warm moist compress

E. ROLETO, PA

S. Dittert, Rph

5/22/98  S- I have a bad cold that my chest is hurting

0857- O- Pt NKD 45 y/o black ♂ to Examination Motrin started last ___
T 100²     actively sits coos b/c two's bulging nose clear discharge
P. 76      lungs clear p-a    throat : red injected c places
Res 14- A- URI (strep-throat)
·158/86  P- ①Amoxil 500mg T PO TID  # 30
         ②Actine T PO Q.ID  # 20
         ③Tylenol 500mg TT PO q4-6 hrs PRN fever # 20
         ④Adm to ↑ flds/fluids gargle w/ hot beadle c warm salt water
         ⑤RTC SP one week x recheck or M needs.

CONDED, PA
BECKLEY

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

Federal Correc...
P.O. Box 1280
Beaver, WV 25813

| RI MAI | LEE | |
|---|---|---|
| PAT | PAUL A     01656-087 | |
| | B/M/O/04-11-1953 | |
| | HT/508   WT/205   HR/BK   EY/BN | |
| REL | CUSTODY/IN | |
| SPOI | | |

SEX

RANK/GRADE

TION

DEF.    **R. 65**

DATE OF BIRTH

## REPORT OF MEDICAL EXAMINATION

| 1. LAST NAME – FIRST NAME – MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| Terry Paul | | C1656-087 |

| 4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|
| 17-163 6.V.m wheeling, W 16003 | A + O | 3-15-95 |

| 7. SEX | 8. RACE | 9. TOTAL YEARS GOVERNMENT SERVICE | | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|---|
| M | 31K | MILITARY | CIVILIAN | BOP | FCI mckea |

| 12. DATE OF BIRTH | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|
| 4-11-5? | Belmont, Ohio | Paula Lewis |

| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS | 16. OTHER INFORMATION |
|---|---|
| P.O. Box 5000, Bradford, PA 16701 | |

| 17. RATING OR SPECIALTY | TIME IN THIS CAPACITY (Total) | LAST SIX MONTHS |
|---|---|---|
| | | |

### CLINICAL EVALUATION

NOTES: (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary)

| | (Check each item in appropriate column, enter "NE" if not evaluated.) | NOR-MAL | ABNOR-MAL |
|---|---|---|---|
| 18. | HEAD, FACE, NECK AND SCALP | ✓ | |
| 19. | NOSE | ✓ | |
| 20. | SINUSES | ✓ | |
| 21. | MOUTH AND THROAT | ✓ | |
| 22. | EARS—GENERAL (INTERNAL CANALS) (Auditory acuity under items 70 and 71) | ✓ | |
| 23. | DRUMS (Perforation) | | |
| 24. | EYES—GENERAL (Visual acuity and refraction under items 55, 60 and 67) | ✓ | |
| 25. | OPHTHALMOSCOPIC | | |
| 26. | PUPILS (Equality and reaction) | | |
| 27. | OCULAR MOTILITY (Associated parallel movements nystagmus) | ✓ | |
| 28. | LUNGS AND CHEST (include breasts) | ✓ | |
| 29. | HEART (Thrust, size, rhythm, sounds) | ✓ | |
| 30. | VASCULAR SYSTEM (Varicosities, etc.) | | |
| 31. | ABDOMEN AND VISCERA (Include hernia) | ✓ | |
| 32. | ANUS AND RECTUM (Hemorrhoids, Fistulas) (Prostate, if indicated) | | |
| 33. | ENDOCRINE SYSTEM | ✓ | |
| 34. | G-U SYSTEM | | |
| 35. | UPPER EXTREMITIES (Strength, range of motion) | ✓ | |
| 36. | FEET | | |
| 37. | LOWER EXTREMITIES (Except feet) (Strength, range of motion) | ✓ | |
| 38. | SPINE, OTHER MUSCULOSKELETAL | | |
| 39. | IDENTIFYING BODY MARKS, SCARS, TATTOOS | | |
| 40. | SKIN, LYMPHATICS | ✓ | |
| 41. | NEUROLOGIC (Equilibrium tests under item 72) | ✓ | |
| 42. | PSYCHIATRIC (Specify any personality deviation) | | |
| 43. | PELVIC (Females only) (Check how done) ☐ VAGINAL  ☐ RECTAL | | |

Notes:
- ® side partially occluded with cerumen - visualization difficult for obvious abnormal
- PERRLA
- Clear t abnorm, white
- RRR without murmur
- no organomegaly, chernia — ® umbilical hernia-readily
- deferred
- See anatomical figure
- DRY SKIN on lower extremities

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES

### LABORATORY FINDINGS

| 45. URINALYSIS   A. SPECIFIC GRAVITY | | 46. CHEST X-RAY (Place, date, film number and result) |
|---|---|---|
| B. ALBUMIN | D. MICROSCOPIC | |
| C. SUGAR | | |

| 47. SEROLOGY (Specify test used and result) | 48. EKG | 49. BLOOD TYPE AND RH FACTOR | 50. OTHER TESTS |
|---|---|---|---|
| | | | |

**R. 66**

| 52. WEIGHT | 53. COLOR HAIR | | | | | | |
|---|---|---|---|---|---|---|---|
| 222 | Black | Brown | | | | | |

**BLOOD PRESSURE (Arm at heart level)** — 58. — **PULSE (...)**

| | B. RECUMBENT | SYS. | C. STANDING (5 mn.) | SYS. | A. SITTING | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER 3 MIN. |
|---|---|---|---|---|---|---|---|---|---|
| | | DIAS. | | DIAS. | | | | | |

| DISTANT VISION | 60. | REFRACTION | | | 61. | NEAR VISION | |
|---|---|---|---|---|---|---|---|
| CORR. TO 20/ | BY | S. | CX | | | CORR. TO | BY |
| CORR. TO 20/ | BY | S. | CX | | | CORR. TO | BY |

Specify distance)

| EX* | R.H. | L.H. | PRISM DIV. | PRISM CONV. CT | PC | PD |
|---|---|---|---|---|---|---|
| ACCOMMODATION | 64. COLOR VISION (Test used and result) | | 65. DEPTH PERCEPTION (Test used and score) | | UNCORRECTED | |
| LEFT | Normal | | | | CORRECTED | |
| ON | 67. NIGHT VISION (Test used and score) | | 68. RED LENS TEST | | 69. INTRAOCULAR TENSION | |

| HEARING | | 71. | AUDIOMETER | | | | | | | 72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score) |
|---|---|---|---|---|---|---|---|---|---|---|
| /15 SV | /15 | | 250 256 | 500 512 | 1000 1024 | 2000 2048 | 3000 2896 | 4000 4096 | 6000 6144 | 8000 8192 | |
| /15 SV | /15 | RIGHT | | | | | | | | | |
| | | LEFT | | | | | | | | | |

*tinued)* AND SIGNIFICANT OR INTERVAL HISTORY

- Deafness in ℗ ear. Noticed in 1st or 3rd grade, was told it was nerve damage. Can hear certain tones. Wears glasses for watching T.V
- Injury to ℗ rib in 1984. Boxing injury - possible calcific deposits per article -
- Insulin dependent diabetis in mother, pneumoniasis (black lung) - father deceased
- Stutters when nervous since childhood
- S/P tonsillectomy 1971
- S/P vasectomy 1973

*[Use additional sheets if necessary]*

SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

Pt. on Benadryl for insomnia / Recently started

15 mm ⊕ PPD on 3/12/95
- Umbilical hernia - since childhood, movable
- Hearing loss in ℗ ear since childhood. Can hear normal speaking tones.

75. RECOMMENDATIONS-FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)

① Chest X-ray ② make sure initial bloodwork includes LFT's
③ On PPD clinic for f/u ④ Audiometery (will schedule)

| 76. | A. PHYSICAL PROFILE | | | | | |
|---|---|---|---|---|---|---|
| | P | U | L | H | E | S |
| | | | | | | |

77. EXAMINEE (Check)

A. ☐ IS QUALIFIED FOR

B. ☒ IS NOT QUALIFIED FOR  food service until ⊕ PPD evaluated

| B. PHYSICAL CATEGORY | | | |
|---|---|---|---|
| A | B | C | E |

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

| 79. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
|---|---|
| Robin Herman OA-S  **T. MONTGOMERY, FMG PA** | Robin Herman OA-S |
| 80. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
| | |
| 81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN  J. OLSON, MD  **CLINICAL DIRECTOR** | SIGNATURE |
| 82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY | SIGNATURE | NUMBER OF ATTACHED SHEETS |

☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-199/50177

SF 88 (Rev. 3-89)

FROM : Panasonic PPF

DEC. 12. 1997   12:29PM

513-110

$\overset{124\cdot90}{83.97}$

NSN 7540

| MEDICAL RECORD | | CONSULTATION SHEET |
|---|---|---|

**REQUEST**

FROM: (Requesting physician or activity)        DATE OF REQUEST

REASON FOR REQUEST    Betts        8-4-97

But c̄ greater troch. Bursitis hip.
Pain c̄ resisted adduction
Tender greater troch
Pain c̄ flexion internal rotation
PROVISIONAL DIAGNOSIS  Please consider injection

DOCTOR'S SIGNATURE  Greater Troch Bursitis

| PLACE OF CONSULTATION | ☐ ROUTINE | ☐ T |
| ☐ BEDSIDE  ☐ ON CALL | ☐ 72 HOURS | ☐ E |

Betts

RECORD REVIEWED  ☐ YES ☐ NO

**CONSULTATION REPORT**

PATIENT EXAMINED  ☐ YES ☐ NO

12/09/97    #01656-087
S:  Pain in the left hip for some time.  It hurts more when he sleeps on that si
hurts when he first gets up and starts walking around.  Sometimes down the lateral
but mostly fairly well localized.  He has had this for sometime.  He has been or
for several weeks without any results..
O:  On exam he has increased pain with hip flexion and extension, primarily i
rotation.  Point area of tenderness attachment of the piriformis tendon.
A:  Piriformis syndrome.
P:  I will inject the area with Depo-Medrol and Xylocaine.  I will give
prescription for Indocin 50 mg to take b.i.d. for two weeks with one refill.  He w
in for tonight.

                              ROBERT O. BATEMAN, M.D.

ROB/cb
D:  12/09/97; T: 12/10/97

E ASAAD, M
Clinical Direct

(Continue on reverse side)

SIGNATURE AND TITLE
ROBERT O. BATEMAN, M.D.                    Reg. Bateman M        DATE

IDENTIFICATION NO.    ORGANIZATION            REGISTER NO.        WARD

PATIENT'S IDENTIFICATION (For typed or written entries give: Name- last, first, middle; grade; rank; rate; hospital or medical facility)

Lee, Paul
01656-087                **R. 68**

CONSULTATION S
Medical Rec

STANDARD FORM 513 (REV 8-82)

U.S. DEPARTMENT OF JUSTICE                    **INMATE INJUR-  SSESSMENT AND FOLLOWUP**
Federal Bureau of Prisons                              *(Medical)*

A12

| 1. Institution FCI-Beckley | 2. Name of Injured Lee Paul | 3. Register Number 01656-087 |
|---|---|---|
| 4. Injured's Duty Assignment Bakery | 5. Housing Assignment Pop A Lower | 6. Date and Time of Injury 10-10-91 1830 |

| 7. Where Did Injury Happen (Be specific as to location) Rec Yard | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment 10-10-97 1845 |
|---|---|---|

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"I/m Spurlock hit me in the Shin with his palm"

X _____
                                    *Signature of Patient*

**10. Objective:** (Observations or Findings from Examination)

∅ injuries observed

X-Rays Taken _____  Not Indicated _____
X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

Nothing found        ✓ VTIS

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

No Medical Attention

**13. This Injury Required:**

☒ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other (explain)

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to Community Physician

_____
Signature of Physician or Physician Assistant
K S ROSE, RN

*Self Carboned Form – If ballpoint pen is used.* PRESS HARD

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

**R. 69**



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

949.0 (0)

**INMATE IN    ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution FCI Beckley | 2. Name of Injured Lee, Paul | 3. Register Number 01686-087 |
|---|---|---|
| 4. Injured's Duty Assignment Bakery | 5. Housing Assignment TOP A - Lower | 6. Date and Time of Injury 10-8-97 @ 0530 |

| 7. Where Did Injury Happen (Be specific as to location) Bakery FCI - F/S | Work Related? ☑ Yes ☐ No | 8. Date and Time Reported for Treatment 10-8-97 @ 0630 |
|---|---|---|

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"I burnt my arm on the oven, pulling out a tray."

X _____ *Signature of Patient*

**10. Objective:** (Observations or Findings from Examination)

1° burn to ®  upper fore-arm. Ø open areas @ this time, minimal swelling area is 4-5cm long by 1 cm wide

X-Rays Taken _____  Not Indicated X

X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

949.0 (0) Burns

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

cool H₂O applied x 30 min, gently cleansed. silvadene cream applied covered c̄ gauze, secured c̄ tape. ℞m instructed re: care, ie Dsg Qd. s/s of infection a F/U c̄ s/c for any complications

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain)

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

R. Hollis W/P. Hollis PA
*Signature of Physician or Physician Assistant*

Original - Medical File
Canary - Safety
Pink - Work Supervisor (Work related only)

*Self Carboned Form – If ballpoint pen is used, PRESS HARD*

ENTERED

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|-----------------------------------------------------------|
| 9/15/97 1230 Triage | S - LBP |
| | O - Full ROM |
| | Tender back |
| | A - LBP |
| | P - Motrin 400 ⇥ TID/E 30/0 |
| | Heat |
| | SOP                    [signature] |
| 10/14/97 0948 | S: I need medication x my H.P. left had to Examination show. Probably (R) Greater Trochanter Bursitis |
| | A: Bursitis |
| | P: Motrin 400; # 80 72D ⇥ 90 x I advise to apply Heat/warm bath. RTC pm needs. [signature] MANGO PA. |
| 2/13/98 0933 | S: " I have a problem in a foot " |
| | O: Has a callus on side of (R) foot. |
| | A: Callus. |
| | √ (1) Shave callus (done) |
| | (2) Prolosion. |
| | (3) RTC prn. [signature] E.J. CHIPI, PA |
| 5/11/98 0830 | [NO SHOW] [NO SHOW] [signature] A. HADDED, PA FPC/FCI BECKLEY |

NSN 7540-00-634-4176

| HEALTH RECORD | | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|---|
| DATE | | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign eec. antry) |

7/14/97 — my (L) side of hip is killing me
1421 o Pt ??? w/ hx of osteoarthritis
  o osteoarthritis
  — Potylend ??? II P 750 #40
  ® close to apply heat/warm ??? on
  ??? ???
  R.t.c. pr needs.
  _____ Morris P₂.

8-4-97    S - ℗ hip aching @ hs + while standing still
0854       Worse @ hs ↓ lateral hip ℗ side
O - Tender greater troch
  — Pain ē flexion ī internal rotation
  (Pain ē resisted abduction
  — Sim intact
  — No ??? ???
A - ℗ hip greater troch bursitis
P - Motrin 1600 ÷ TID p̄ 10/1
  — Abduction Strengthening ℗ hip (painless)
  — Heat TID
  — Xray if not improving
  — Ortho Consult for injector /Pencil of letter
  _____

PATIENT'S IDENTIFICATION (Use this space for Mechanical imprint)

RECORD MAINTAINED AT
PATIENT
RELATI
SPONSO
DEPART
CHRONO

LEE
  PAUL A                    01656-087
B/M/0/04-11-1953
HT/508    WT/205    HR/BK    EY/BN
CUSTODY/IN

NK/GRADE
FE OF BIRTH

R. 72

0 (REV. 5-84)
HRMH (41 CFR) 201-45.505

MEDICAL RECORD

RADIOLOGIC CONSULTATION REQUESTS/REPORTS

BP-S622.060
AUG 36
U.S. DEPARTMENT OF JUSTICE    RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM    FEDERAL BUREAU OF PRISONS

#1074

Patient Identification
Name, Register Number, Institution
Ali, Paul

0105u1082

Age  35 m

EXAMINATION REQUESTED
CXR

Pregnant
☐ Yes    ☐ No

Requested by                    Date Requested

Specify reason(s) for request (Complaints and findings)
Physical

Date of examination  7/1/98    Date of Report    7/8/98    Date of Transcription

Film #

Radiologic Report
CHEST:  The heart size, mediastinum and both hila appear normal.  Both lungs
are fully expanded and essentially clear.  There is no evidence of congestion
or active pulmonary infiltrates.  The bony thorax and diaphragm are
unremarkable as noted.
IMPRESSION:  Essentially negative chest.

Signature

DR L. IBERMON RIVERA
FPC/FCI BECKLEY

Location of Radiologic Facility

Original - Medical Record; Copy (Physician; Copy f. Radiology -
(This form may be replicated via WP)

SIGNATURE

BP-DRM 510-A (REV. 8-83)

R. 73

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution FCI Beckley | 2. Name of Injured Lee, Paul | 3. Register Number 01656-087 |
|---|---|---|
| 4. Injured's Duty Assignment Kitchen (dishes) | 5. Housing Assignment Pop A-L | 6. Date and Time of Injury 8April 97 16:15 |

**7. Where Did Injury Happen (Be specific as to location)** Kitchen

Work Related? ☒ Yes ☐ No

**8. Date and Time Reported for Treatment** 8April 97 16:55

**9. Subjective: (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)**

I reached in sink / was cut on Rt hand palm by a pan.

*Signature of Patient*

**10. Objective: (Observations or Findings from Examination)**

A/O

X-Rays Taken _____ Not Indicated ✓
X-Ray Results

exhibits superficial laceration to palm of Rt hand (1¼ inch) bleeding controlled

**11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)**

Impaired skin integrity.

**12. Plan: (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)**

No dishwashing or food prep next 2 days, states he had Tetnus in 1995, area cleaned / collodian flexible applied, watch for any s/s of infection.

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain)

_____

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant*

*Self Carboned Form – If ballpoint pen is used.* **PRESS HARD**

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

**R. 74**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(ledical)*

| 1. Institution | 2. Name of Injured | ister Number |
|---|---|---|
| FCI Beckley | Paul Lee | 01656 087 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| UnAss. | Pine BL | 01/18/97  10:15 |

| 7. Where Did Injury Happen *(Be specific as to location)* | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| Unit (Pine BL) | ☐ Yes  ☑ No | 01/18/97  11:15 |

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

I was washing off the top of my Locker, and my RtARM
Ran across the door.

*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*    X-Rays Taken _____    Not Indicated ✓
X-Ray Results

Rt arm have small superfucial laceration about
3 cm.

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

Laceration Superficial Rt Arm 879.6 (X)

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

1. Cleaned with Bethadine, and polysporin
   & Bour with bandage (neosporin given)
2. T.T was given 3/15/95
3. Rtc as need

**13. This Injury Required:**

☐ a. No Medical Attention

☑ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other *(explain)*

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to
Community Physician

*Signature of Physician or Physician Assistant*

Self Carboned Form – If ballpoint pen is used, PRESS HARD

Original – Medical File
Canary – Safety
Pink – Work Supervisor *(Work related only)*

**R. 75**

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|------------------------------------------------------------------------|
| 7-30-96 0845 | BP – 134/76    HR-65    T-98.6 — Unable to do Fasting Blood Sugar this Am Pt has already eaten Breakfast. — Teresa Puckett RN / Teresa Puckett RN |
| 10/29/96 0943 | BP 130/82    HR 74    T 97.5 S- I have a corn and thick skin O- Corn over 5th phalynx ē skin thickening Thick epidermis over medial great toe A- Corn P- Next weeks Multiplast patches [signature] /R. Duarte |
| 01/10/97 11:15 | See injury report [signature] Duarte (mp), PA |
| 8 April 97 15:00 | See Injury report for today's date. — Kenneth R. Law RN — Kenneth R. Law |
| 4-9-97 1130 | Inmate requested a copy of injury report dated 4-8-97. I released 1 copy to inmate [signature] J. Aragon, H.I.T. |
| 04/14/97 0950 | TRIAGE < S/ I have cold O/ Ears [illegible] ↑M this A/ Common Cold D/ CPM 4 mgr ī VD. ħO (#15) Tylenol 500 mgr TT PO. ħO |

R. 76

| | |
|---|---|
| 6178 | |
| RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |

| | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign each entry) |
|---|---|
| H/O | S: 42 yo BM presents c̄ 1-2d H/o sore dry throat initial onset c̄ dry scratchy throat; progression → soreness (+) dry non-productive cough. No current chills however positive previous chills! |
| | O: ao ox BM AOT: 98 H |
| | Oropharynx hyperemic c̄ nasal, throat PND adenopathy Lungs CTA bil. This dr He (-) maxillary or frontal sinus tenderness Neck soft + supple |
| | A: Pharyngitis |
| | P: Amoxicillin 500 PO q8° x 10d #30 |
| | CTM 4 mg BID x 7d #14 |
| | Saline Gargles |
| | [signature] RN/BHTS CFP |
| 2-8-96 | S: "Had chest pains in my chest q̄ & on |
| 0900 | since 0300 this Am" |
| | O: BP 118/82   HR 72   Respiration unlabored rate [ ] Skin w/n Denies pain @ this time EKG Done. No Acute Abnormalities noted. Vital [ ] |
| | A: Alteration in Comfort |
| | P: Encouraged to report to sick call for further eval then continue to monitor as ordered. Encouraged to tell [ ] if CP comes back. [signature] RN/Texas of [ ] |

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

| | |
|---|---|
| RECORD MAINTAINED AT: | LEE |
| PATIENT | PAUL A                    01656-087 |
| | B/M/O/04-11-1953 |
| | HT/508   WT/205   HR/BK   EY/BN |
| RELATION | CUSTODY/IN |
| SPONSOR | |
| DEPART. | |

FCI BECKLEY, WV

CHRONO

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400012485          G. BETTS          10/29/96
LEE,PAUL                              01656-087
CUT PLATER TO FOR ITCHING CORN AND APPLY
REMOVE AFTER 48 HOURS

SALICYLIC ACID    PLASTER        #1
SD    0 REFILL(S)          EXPIRES 11/28/96

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400020725          A. DUARTE-CHIPI  04/14/97
LEE,PAUL                              56-087
TAKE 1 TABLET BY MOUTH EVERY     HOURS AS
NEEDED (DO NOT TAKE MORE    5 TABLETS PER 24
HOURS)

CHLORPHENIRAMINE MALEATE 4 MG TABLET  #15
SD    0 REFILL(S)          EXPIRES 05/14/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400020726          A. DUAR  CHIPI   04/14/97
LEE,PAUL                              01656-087
TAKE 1 OR 2 TABL     MOUTH EVERY 4 TO 6 HOURS
AS NEEDED       EXCEED 8 TABLETS PER DAY)

ACETAMINOPHEN 500 MG TABLET        #20
SD    0 REFILL(S)          EXPIRES 05/14/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400024946          HADDED           07/14/97
LEE,PAUL                              01656-087
TAKE 1 OR 2 TABLETS BY MOUTH EVERY 4 TO 6 HOURS
AS NEEDED (DO NOT EXCEED 8 TABLETS PER DAY)

ACETAMINOPHEN 500 MG TABLET        #40
SD    0 REFILL(S)          EXPIRE 08/13/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400028025          G. BETTS         09/15/97
LEE,PAUL A.                   FCI      01656-087
TAKE 1 OR 2 TABLETS BY MOUTH EVERY 4 TO 6 HOURS
AS NEEDED FOR PAIN WITH FOOD (DO NOT EXCEED 8
TABLETS PER DAY)

IBUPROFEN 400 MG TABLET            #30
SD    0 REFILL(S)          EXPIRES 10/15/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400025979          G. BETTS         08/04/97
LEE,PAUL A.                   FCI      01656-087
TAKE 1 OR 2 TABLETS BY MOUTH EV     TO 6 HOURS
AS NEEDED FOR PAIN WITH     (DO NOT EXCEED 8
TABLETS PER DAY)

IBUPROFEN 400 MG TABLET            #30
SD    1 REFILL(S)          EXPIRES 10/03/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400029585          A. HADDED        10/14/97
LEE,PAUL A.                   FCI      01656-087
TAKE 1 OR 2 TABLETS BY MO        6 HOURS
AS NEEDED FOR       TH FOOD (DO NOT EXCEED 8
TABLETS

IBUPROFEN 400 MG TABLET            #20
SD    1 REFILL(S)          EXPIRES 12/13/97

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400032095          Dr. E. ASAAD       -/97
LEE,PAUL A.                           01656-087
TAKE 2 CAPSULES        TWICE A DAY WITH FOOD .

INDOMETHACIN 25 MG CAPSULE        #56
SDH    1 REFILL(S)          EXPIRES 01/07/98

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400039931          E. ROMERO        05/14/98
LEE,PAUL A.                   FCI      01656-087
TAKE 1 OR 2 TABLETS BY MOUTH EVERY 4 TO 6 HOURS
AS NEEDED FOR PAIN WITH FOOD (DO NOT EXCEED 8
TABLETS PER DAY)

IBUPROFEN 400 MG TABLET            #28
SD    0 REFILL(S)          EXPIRES 06/13/98

Pharmacy Services
FCI BECKLEY, WV 25813          304-255-7731

RX400044270          E. CHIPI         08/14/98
LEE,PAUL A.                   FCI      01656-087
TAKE 1 CAPSULE BY MOUTH TWICE A DAY ON AN EMPTY
STOMACH UNTIL FINISHED

FCI Bec

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                          :
                                   :
            Plaintiff              :        CIVIL NO. 1:CV-00-0486
                                   :
      v.                           :        (Judge Kane)
                                   :
UNITED STATES OF AMERICA, et al.,  :
                                   :
            Defendants             :


### DECLARATION OF Q. BLANTON

I, Q. BLANTON, hereby declare and state as follows:

1.    I am currently employed by the United States Department of
      Justice, Federal Bureau of Prisons ("FBOP"), as Supervisor of
      Recreation at the Federal Correctional Institution (F.C.I.),
      Allenwood, Pennsylvania.  I have been employed with the FBOP
      since October 1989. As the Supervisor of Recreation, I have
      access to Bureau of Prisons records, including but not limited
      to records pertaining to inmate recreational activities (i.e.,
      inmate intramural basketball, football and softball games).

2.    I have reviewed the complaint in the above-captioned action,
      wherein the Plaintiff, inmate Paul Lee, Federal Register
      Number 01656-087, alleges that his left hip has degenerated
      since 1997 due to inappropriate bedding.  The Plaintiff
      further alleges that he now suffers from degenerative
      arthritis and that medical staff have negligently failed to

**R. 79**

provide him with appropriate medical care and treatment for his injury.

3.    On November 16, 1998, the Plaintiff arrived at F.C.I. Allenwood, Pennsylvania.

4.    While the Plaintiff was incarcerated at FCI Allenwood, he participated in the Exercise Across America program. This program consisted of the inmates walking various laps around the outside track at FCI Allenwood. One lap of the track at FCI Allenwood is equal to ½ mile.

5.    On July 13, 2000, the Plaintiff walked 11 laps in 60 minutes.(See attachment #1, Exercise Across America Log Sheet #1).

6.    On July 16, 2000, the Plaintiff walked 12 laps in 195 minutes.(See attachment #2, Exercise Across America Log Sheet #2).

7.    On July 20, 2000, the Plaintiff walked 11 laps in 60 minutes.(See attachment #3, Exercise Across America Log Sheet #3).

8.    On July 21, 2000, the Plaintiff walked 10 laps in 60 minutes.(See attachment #4, Exercise Across America Log Sheet).

9.   On July 22, 2000, the Plaintiff walked 11 laps in 46 minutes.(See attachment #5, Exercise Across America Log Sheet #5).

10.  On July 23, 2000, the Plaintiff walked 12 laps in 45 minutes.(See attachment #6, Exercise Across America Log Sheet #6).

11.  On July 24, 2000, the Plaintiff walked 10 laps in 90 minutes.(See attachment #7, Exercise Across America Log Sheet #7).

12.  On July 25, 2000, the Plaintiff walked 12 laps in approximately 50 minutes. (See attachment #8, Exercise Across America Log Sheet #8).

13.  A statistics sheet dated August 18, 2000, reveals that the Plaintiff had walked a total of 71 miles as of that date. (See attachment #9, Exercise Across America sheet dated August 18, 2000).

14.  Additionally, the Plaintiff had volunteered to participate as a Referee and Umpire in various sporting activities (i.e. basketball, football and softball).

15.  A copy of the A-League Official Schedule (basketball) reveals

that on July 27, 2000, August 10, 2000, August 30, 2000, and September 4, 2000, there were intramural inmate basketball games played at FCI Allenwood. This basketball schedule reveals that the Plaintiff had participated as a Referee during each of these four inmate basketball games. (See attachment #10, A-League Referee Schedule).

16. During a regulation basketball game, the Referee is responsible for following the play up and down the court. The responsibilities are the same for an individual refereeing an inmate intramural basketball game. It is important to note that these inmate intramural basketball games are generally 40 minutes in length. During these games, the referee follows the play of the game by running up and down the court (i.e. staying with the players and observing the game for infractions).

17. As I previously indicated, the record reveals that on July 27, 2000, August 10, 2000, August 30, 2000, and September 4, 2000, the Plaintiff was a Referee during these inmate league basketball games. Thus, he would have been responsible to follow the players as they ran up and down the court.

18. I have personally observed the Plaintiff perform as a Referee during numerous intramural basketball games. This included my observing him running up and down the basketball court. It did not appear to me that he was having any difficulty

keeping up with play.

19.    I have no recollection of the Plaintiff informing me that he
       was having any difficulty keeping up with the play during any
       of the basketball games.

20.    An Inmate Request To Staff Member dated August 9, 2000,
       reveals that the Plaintiff had requested permission to be a
       football official (See attachment #11, Inmate Request To Staff
       Member).

21.    A copy of the Flag Football Referee's Course reveals that on
       September 1, 2000, the Plaintiff had reviewed the by-laws of
       the Flag Football League. This document also reveal that on
       September 7, 2000, he had reviewed the NIRSA rules and that on
       September 8, 2000, he had viewed a video titled "You Make The
       Call." (See attachment #12, Flag Football Referee's Course).

22.    A copy of the Flag Football Referee Pay Sheet reveals that on
       October 1, 2000, October 7, 2000, October 15, 2000, October
       21, 2000, November 4, 2000, November 12, 2000, and finally on
       November 18, 2000, that the Plaintiff had participated as a
       Referee during these seven inmate intramural flag football
       games which are each approximately 40 minutes in duration.

23.    During a regulation football game, the Referee is responsible
       for   following   the   play   up   and   down   the   field.    The

**R. 83**

responsibilities are the same for an individual refereeing an inmate intramural flag football game. They include him following the play of the game by running up and down the football field (i.e., staying with the players and observing the game for infractions). The referee is also responsible for retrieving the loose footballs and must constantly bend down to place the football before each play (See attachment #13, Flag Football Referee Pay Sheet).

24. I have personally observed the Plaintiff perform as a Referee during numerous inmate intramural football games. This included my observing him running up and down the field of play. It did not appear to me that he was having any difficulty keeping up with play.

25. I have no recollection of the Plaintiff informing me that he was having any difficulty keeping up with the play during any of the flag football games.

**R. 84**

I declare that any and all records attached to this declaration are true and accurate copies of records maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

EXECUTED this 26th day of January, 2001.

Quinton Blanton,
Supervisor of Recreation
Federal Correctional Institution
Allenwood, Pennsylvania 17887

**R. 85**

# Attachment 1

# Exercise Across America
## Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|------------|----------|------|
| 7/13 | *illegible* | 069603 | *wA!* | 6-35 | 7:30 | 1 |

| | | | | | | |
|--|--|--|--|--|--|--|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

<u>Note to Staff:</u> Laps are only needed for walking and running.

Only the following exercises count for this program: walking, running, ████████

Do not allow inmates to write on this sheet.



**R. 87**

# Attachment 2

# Exercise Across America
## Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|------------|----------|------|
| | | | | | | |
| | | | | | | |



<u>Note to Staff:</u> Laps are only needed for walking and running.
Only the following exercises count for this program: walking, running, ███████

Do not allow inmates to write on this sheet.

**R. 89**

# Attachment 3

# Exercise Across America
# Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|-----------|----------|------|
| | | | | | | |
| Mo | Lee | 806539 | walk | 7:30 | 8:00 | 11 Laps |

<u>Note to Staff:</u> Laps are only needed for walking and running.

Only the following exercises count for this program: walking, running,

Do not allow inmates to write on this sheet.

R. 91

# Attachment 4

# Exercise Across America
## Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|-----------|----------|------|
| Jul | Lee | 616500087 | walk | 6:00 | 7:00 | 10 Laps |

<u>Note to Staff:</u> Laps are only needed for walking and running.

Only the following exercises count for this program: walking, running, 

Do not allow inmates to write on this sheet.

R. 93

# Attachment 5

R. 94

# Exercise Across America
## Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|-----------|----------|------|
| | | 6/56-05 | walk | 4:3 – | 5.33 | 1 lap |

Note to Staff: Laps are only needed for walking and running.
Only the following exercises count for this program: walking, running,

Do not allow inmates to write on this sheet.

R. 95

# Attachment 6

# Exercise Across America
# Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|------------|----------|------|
| 7/17 | Lew | 205738 | walk | 6:00 | 5:30 | 12 lap |

**Note to Staff:** Laps are only needed for walking and running.

Only the following exercises count for this program: walking, running,

Do not allow inmates to write on this sheet.

R. 97

# Attachment 7

# Exercise Across America
# Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|------------|----------|------|
| 7/21 | *[illegible]* | *[illegible]* | *[illegible]* | 8:20 | 7:30 | 10 Laps |

Note to Staff: Laps are only needed for walking and running.
Only the following exercises count for this program: walking, running,

Do not allow inmates to write on this sheet. ████████████

**R. 99**

# Attachment 8

# Exercise Across America
# Log Sheet

| Date | Name | # | Exercise | Start Time | End Time | Laps |
|------|------|---|----------|------------|----------|------|
| | | | | | | |
| ni | let | 0156-093 | Running | 11:40 | 5:30 | 12.6 |

<u>Note to Staff:</u> Laps are only needed for walking and running.

Only the following exercises count for this program: walking, running,



Do not allow inmates to write on this sheet.

R. 101

# Attachment 9

# EXERCISE ACROSS AMERICA

## CURRENT STATES AND MILES
### August 18, 2000

| Inmate Name | Number | State & Miles | Mileage |
|---|---|---|---|

**R. 103**

| 40. | Lee, Paul | 01656-087 | West Virginia | 71 |

# Attachment 10

F.C.I. Allenwood Recreation Department

BASKETBALL

# A-LEAGUE OFFICIALS SCHEDULE

**Thursday, July 27 at 6:00pm**
████ Lee, ██████████████████████

**Thursday, July 27 at 7:00pm**
██████ Lee, ██████████,
█████████████████

**Thursday, Aug. 10 at 6:00pm**
Lee, ███████████████████████

**Thursday, Aug. 10 at 7:00pm**
██ Lee, ████████████████████
███████████

**R. 106**

FCI Allenwood Recreation Department

BASKETBALL
## *A-League Referee Schedule:*

Wednesday Aug. 30: ████████████, Lee, ████████
████

Monday Sept. 4: █████, Lee, ████████████████

R. 107

# Attachment 11

BP-S148.070    **INMATE REQUEST TO STAFF MEMBER** ITEM
APR. 94
**UNITED STATES DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

DATE *8-9-00*

TO: _____ *MR Bombor, Rec. Sper* _____
(Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire
assistance and what you think should be done (Give details).

*Requesting to be one of yours Football Official*
*this season again*

_____

_____

_____

_____

_____

_____

(Use other side of page if more space is needed)

NAME: *Buller* _____    No.: *01656-087*

Work Assignment: *Glenn FIS* _____    Unit: *3B*

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and
intelligently.  You will be interviewed, if necessary, in order to satisfactorily handle your
request.  Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE _____

_____
                                          Officer

Record Copy - File; Copy - Inmate
(This form may be replicated via WP) Replaces BP-149 of OCT 86

**R. 109**

# Attachment 12

F.C.I. Allenwood Recreation Department

# Flag Football Referee's Course

| Name | Number | Review<br>By-laws | Review<br>NIRSA Rules | View video<br>You make the call | Final Test |
|------|--------|-------------------|----------------------|-------------------------------|------------|
| Lee, Paul | 01656-087 | 9/1/00 | 9/7/00 | 9/8/00 | Passed |

# Attachment 13

F.C.I. Allenwood Recreation Department

# Flag Football Referee Pay Sheet

| Name | Number | Oct. 1 | Oct. 7 | Oct. 15 | Pay | Oct. 21 | Oct. 29 | Nov. 4 | Pay | Nov. 12 | Nov. 18 | Tot. Pay |
|------|--------|--------|--------|---------|-----|---------|---------|--------|-----|---------|---------|----------|
| Lee, Paul | 01656-087 | R | R | R | S | R | R | R | 18 9 | R | R | 24 |

R = Referee = 3 bags per game
S = Scorekeeper = 1 bag per game
D = Downnkeeper = 1 bag per game

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                          :
                    Plaintiff     :
                                   :
            v.                     :      Civil No.  1:CV-00-00486
                                   :      (Kane, J.)
UNITED STATES OF AMERICA, et al.  :
                    Defendants    :

## CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on February 12, 2001, she served a copy of the
attached

        **RECORD TO BRIEF IN SUPPORT OF THE DEFENDANTS'**
        **MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Harrisburg,
Pennsylvania.

Addressee:

Paul Lee
Reg. No. 01656-087
FCI Elkton
P.O. Box 89
Elkton, Ohio 44415

_____
SHELLEY L. GRANT
Paralegal Specialist