COPY

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,

        Plaintiff,

    v.                       1:00-cv-0486

UNITED STATES OF AMERICA; and,
FEDERAL BUREAU OF PRISONS,

        Defendants.

FILED SCRANTON JAN 3 1 2001 PER ___ DEPUTY CLERK

Kane/Diana

FIRST AMENDED COMPLAINT

AND NOW COMES the Plaintiff, Paul Lee, pro se, and files this, his First Amended Complaint:

### parties

1. The plaintiff is Paul Lee ("Lee"), an individual. Lee is presently confined within the Federal Bureau of Prisons at the Federal Correctional Institution at Allenwood, Pennsylvania.

2. The first defendant is the United States of America ("USA" or "United States"), which is sued for the negligence of its officers and agents in accordance with 28 USC §2671, et seq.

3. The second defendant is the Federal Bureau of Prisons ("FBOP"). The FBOP is being sued in mandamus in accordance with 28 USC §1361.

### jurisdiction

4. Jurisdiction of the mandamus claims against the FBOP is proper pursuant to 28 USC §1361. Lee's tort claims are properly before this Court pursuant to 28 USC §1346(b)(1).

### Count I
### (Action in Mandamus)

5. The FBOP owes Lee a nondiscretionary duty to provide medical treatment while he is confined at institutions governed by the agency.

6. Lee is in need of hip replacement surgery because he has been

diagnosed as having severe degenerative arthritis of the left hip.

7. Lee has no internal rotation after he flexes beyond 90°. Lee has about 15° of external rotation. He flexes the same. Abduction is about 10 to 15° less than that of his right hip.

8. Lee has been in severe pain as a proximate result of the severe degenerative arthritis. Pain killers allowed by the FBOP (e.g., ibuprofen) do not help.

9. In August, 1999, John T. Magill, III, M.D., reported, "He is awfully young to have a hip replacement, but that may be the best choice for him depending upon how much pain he has."

10. Additionally, Lee has lateral-sided discomfort above the trochanteric area.

11. Previously, Lee had an injection to that area. However, it made the pain and discomfort worse, not better. Therefore, that is not an option for Lee.

12. Lee has attempted to use a cane, but it does not help the pain. Furthermore, staff have harassed and taken Lee's cane.

13. In February, 2000, Dr. Magill noted again that, "When he wants to talk about a hip replacement I think it would be reasonable to have this discussion with him and perhaps even have Dr. Hahn give him a surgical talk."

14. However, Lee has been and is ready to have hip replacement surgery. The FBOP, however, is dragging its feet and making excuses despite Lee's constant complaints.

15. The FBOP, however, had a duty under the totality of the circumstances to approve the surgery and proceed accordingly.

16. The failure of the FBOP to meet its duties has caused severe pain for Lee, and irreparable harm, and will cause further pain and harm to Lee in the future.

17. Lee has exhausted all of his administrative remedies requesting treatment. The FBOP simply continues to claim that it is providing treatment within community standards.

18. However, it is not within community standards to ignore Lee's requests for surgery, to delay without cause the request for surgery, to ignore the recommendations of its own consultants, and to leave Lee suffer in pain.

19. Therefore, a writ in mandamus directing the FBOP to provide the proper surgery to Lee must be issued forthwith.

Count II
(negligence)

20. Paragraphs 1 through 19 are hereby incorporated by reference and are realleged as if fully set forth again.

21. Lee has continuously advised the FBOP that the hard metal beds and small mattresses have caused severe pain to his hip.

22. Lee has filed a formal request for a double mattress. A double mattress would relieve some of the discomfort Lee experiences.

23. However, the FBOP, without making the appropriate inquiry to Dr. Magill, denied Lee's request for a double mattress by simply claiming that, "A double mattress may be issued for medical reasons. However, a review of your medical records indicates there is no need for a double mattress."

24. The agents of the United States have a duty to provide Lee with some form of sleeping arrangement that does not increase his pain.

25. The agents of the United States breached their duty of due care by taking a deliberate indifference to Lee's pain and suffering and by

failing to provide proper bedding.

26. As a proximate result of the negligence of officers of the United States, Lee was damaged in that the pain to his hip was aggravated and increased. Furthermore, Lee was unable to rest properly because of the pain and discomfort caused by the negligence of staff.

### Count III
### (negligence)

27. Paragraphs 1 through 26 are hereby incorporated by reference and are realleged as if fully set forth again.

28. In 1995, the FBOP made a decision to replace the existing beds with hard metal steel beds. The FBOP further decided to replace the mattresses with thin sub-standard mattresses.

29. As a proximate result, many inmates began having medical problems and difficulty sleeping. The mattresses made it practically impossible to obtain proper rest and inmates would wake up and their arms and legs would be numb.

30. Lee suffered damages as a result of the hard steel beds also. The beds caused Lee's hip to steadily deteriorate. The hard steel beds coupled with the substandard mattress aggravated the condition.

31. Agents of the United States have a duty of due care to provide sufficient and proper sleeping gear to inmates and, where necessary, make accommodations for medical situations.

32. Staff breached their duty of due care, and agents of the United States, to wit, Unicor staff, breached their duty of due care by formulating beds and mattresses which clearly caused medical problems such as poor circulation, numbness, and aggravation. Staff breached their duty of due care by not paying heed to Lee's situation and not taking action to prevent his degenerative arthritis caused by the substandard bed and mattress.

33. As a proximate result of the United States' agents' negligence, Lee was damaged in that his hip steadily deteriorated and said deterioration was aggravated by the sub-standard bed and mattress.

Count IV
(negligence)

34. Paragraphs 1 through 33 are hereby incorporated by reference and are realleged as if fully set forth again.

35. Agents of the United States have a duty of due care to provide proper medical treatment in line with community standards.

36. Since 1997, Lee has constantly and consistently made staff aware of his serious medical needs. However, the agents of the United States took a deliberate indifference and breached their duty of due care by not providing proper medical treatment and by not heeding the advice of their own qualified consultants. Staff have breached their duty of due care by improperly prolonging Lee's pain by not providing a hip replacement procedure to Lee despite his repeated requests and the recommendation of qualified professionals.

37. As a proximate result of the negligence of staff, Lee has been damaged in that his hip continues to deteriorate and his pain has increased. Since at least 1999, staff have damaged Lee by not heeding recommendations by qualified professions to provide the surgery to Lee. If it were not for the negligence of staff, Lee would not be in pain, would be able to begin to be physically active again, and would be able to be employed.

WHEREFORE, Plaintiff Paul Lee respectfully demands judgment against the United States and the Federal Bureau of Prisons in an amount to be proven at trial. Lee further requests that this Court enter a writ of mandamus requiring the defendants to perform the necessary medical treatment as recommended by objective professionals. Finally, Lee requests that he be awarded costs, fees, attorneys fees (if any), expert fees, and any other relief

which may be just and proper considering the circumstances.

Respectfully submitted,

By: _____
Paul Lee
Box 2000
White Deer, PA  17887
800.278.3288 Telephone
800.572.4403 Facsimile
usdojcom@hotmail.com

PLAINTIFF

### DECLARATION OF PAUL LEE

I, Paul Lee, declare and state under the penalty for perjury that the foregoing allegations are true and correct.  28 USC §1746.

By: _____
Paul Lee

CERTIFICATE OF SERVICE

I, Paul Lee, certify that I mailed a true copy of the foregoing to Kate Mershimer, Esquire; Office of U.S. Attorney; Box 11754; Harrisburg, PA 17108 on this 14th day of December, 2000.

By: _____
Paul Lee