DMB:KLM:slg:2000V00797

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,       :
    Plaintiff   :
                :
  v.          :   Civil No.  1:CV-00-00486
                :   (Kane, J.)
UNITED STATES OF AMERICA, et al.,   :
    Defendants  :

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S BRIEF

#### Introduction

This is a prisoner case brought by Paul Lee, a federal prisoner originally confined at FCI Allenwood. The case presents a FTCA tort claim and a mandamus claim by Lee concerning medical care regarding his left hip and the allegedly inadequate bedding/mattress provided by the BOP.

On January 29, 2001, defendants filed a motion to dismiss and for summary judgment. The defendants' supporting brief and materials were filed on February 12, 2001. Lee sought an extension of time to file an opposition brief, which the Court granted by giving Lee to March 29, 2001 to file his brief. Lee apparently sought another extension of time, although he did not serve defense counsel with that motion.

Lee then filed his brief in opposition to the defendants' dispositive motion, captioned "Plaintiff Paul Lee's Memorandum and

Evidence in Opposition to the Motion to Dismiss or for Summary Judgment," on or around April 10, 2001.

Defendants have moved to strike Lee's opposition brief due to Lee's failure to sign the brief as required by Fed. R. Civ. P. 11. This brief is filed in support of the motion.

### Question Presented

Should Lee's opposition brief be stricken due to his failure to comply with Rule 11 or, alternatively, should Lee be directed to cure his Rule 11 violation by immediately signing his opposition brief?

### Argument

**LEE'S OPPOSITION BRIEF SHOULD BE STRICKEN DUE TO HIS FAILURE TO COMPLY WITH RULE 11 OR, ALTERNATIVELY, LEE SHOULD BE DIRECTED TO CURE HIS RULE 11 VIOLATION BY IMMEDIATELY SIGNING HIS OPPOSITION BRIEF.**

Rule 11 requires that a party or their counsel sign their pleadings, plus state the signer's address and phone number, as set forth in the following:

> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, **shall be signed by the party**. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. *An unsigned paper **shall be stricken** unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.*

Fed. R. Civ. P. 11(a) (emphasis added).

2

In his opposition brief, Lee failed to comply with Rule 11 by failing to sign his brief. Rather, the brief appears to have been signed by some unknown person at "Chrissy's News and Paralegal Service" in N. Versailles, Pennsylvania. Lee, in contrast, resides at FCI Elkton in Elkton, Ohio. Lee's signature, as reflected in various prison documents, plus his amended complaint (Exh. A), is obviously different from the odd mark on his opposition brief (Exh. B).[1]

As to this "Chrissy's" entity, defendants do not know what the company really is. Although Lee's brief states that the title of the company is "Chrissy's News and Paralegal Service," the business' fictitious name is actually registered only as "Chrissy's News." (See Exh. D)(Westlaw search of Pennsylvania Department of State). The Department of State form indicates that the "business purpose" of Chrissy's News is the retail trade of magazines, newspapers, candy, tobacco, etc. One of the principals of the company is the Keith Maydak Foundation, which is an entity that purports to overcome the federal money laundering conviction of Keith Maydak due to an alleged conspiracy between AT&T and the

---

[1] A review of the rest of Lee's documents filed in this case likewise reflects that he has not signed any of his documents. Indeed, his prior pleading -- a motion for extension of time, signed by apparently the same blue felt pen used at Chrissy's to sign his opposition brief, was marked with just a "/s/." (See Exh. C). Thus, Lee should be required to sign all of his prior pleadings, motions, and briefs immediately or have his lawsuit dismissed.

3

United States. (Exh. E). The company's e-mail address, interestingly, is listed as "usdojcom@hotmail.com" (see Exh. A, pg. 4) -- but the government can advise the Court that Chrissy's is not a government entity.

Regardless of what Chrissy's is or is not, the law is crystal clear that an individual can appear in federal court **only** pro se or through a licensed legal counsel. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230-32 (3rd Cir. 1998)(citing 28 U.S.C. §1654); Lewis v. Lenc-Smith Manuf. Co., 784 F.2d 829, 830-31 (7th Cir. 1986)(citing cases); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)(observing that federal courts consistently reject attempts at third-party litigation with the law mandating that an individual appear pro se or through legal counsel). Chrissy's News, thus, cannot represent Lee nor prepare and sign documents for him. In that Lee is proceeding pro se, Lee himself **must** prepare and sign his own documents filed with the Court. See Fed. R. Civ. P. 11(a).

Although the fact that Lee had not signed his opposition brief was made clear in defendants' April 23, 2001 motion to strike, we note that Lee has made no effort to promptly correct this defect. Thus, under Rule 11(a), his brief should be stricken. See Clauson v. Town of West Springfield, 2000 WL 251740 (D. Mass. 2000)(attached). Alternatively, the Court should direct Lee to re-file his opposition brief with **his** signature and to do so

4

immediately. For that matter, all of Lee's filings in this Court that were not signed by him should have to be resubmitted under his own signature or else stricken from the record.

### Conclusion

For the above-stated reasons, defendants request this Court to strike "Plaintiff Paul Lee's Memorandum and Evidence in Opposition to the Motion to Dismiss or for Summary Judgment."

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street, 2nd Fl.
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482

Date:  May 3, 2001

5

2000 WL 251740
(Cite as: 2000 WL 251740 (D.Mass.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Massachusetts.

Keith A. CLAUSON, a minor by and through his father and next friend, Bryan K. Clauson, Plaintiff
v.
TOWN OF WEST SPRINGFIELD, a Municipal Corporation; Mr. Farnsworth, individually and as Band Instructor of West Springfield High School; National Honor Society, via Veritas Chapter, acting in conjunction with West Springfield High School, Defendants

No. Civ.A. 99-30134MAP.

Feb. 3, 2000.

Bryan K. Clauson, West Springfield, MA, Plaintiff, pro se.

Jocelyn M. Sedney, Leonard H. Kesten, Brody, Hardoon, Perkins & Kesten, Boston, MA, for West Springfield, Town of, Town of West Springfield, Defendant.

Jocelyn M. Sedney, Leonard H. Kesten, (See above), for Mr. Farnsworth, Defendant.

Jocelyn M. Sedney, Leonard H. Kesten, (See above), for National Honor Soc., National Honor Society, Via Veritas Chapter, Defendant.

PONSOR, District Judge.

*1 Upon de novo review, this Report and Recommendation is hereby adopted, without opposition. The complaint is ordered dismissed, without prejudice.

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTION TO DISMISS (Docket No. 17)

NEIMAN, Magistrate J.

All three defendants, the Town of West Springfield, a Mr. Farnsworth and the Veritas Chapter of the National Honor Society (collectively "Defendants"), have moved to dismiss the instant civil rights complaint brought on behalf of Keith A. Clauson (hereinafter "Plaintiff"). As grounds for dismissal, Defendants assert (1) that the complaint and summons--signed by Plaintiff's father, Bryan K. Clauson, a non-lawyer who is not a party to the action--violate Fed. R. Civ. P. 11, and (2) that the complaint fails to state a claim upon which relief can be granted. Defendants' motion has been referred to the court for a report and recommendation. See 28 U.S.C. § 636(b)(1)(6). Because the court believes that there are more than sufficient procedural grounds for striking the complaint and dismissing the action without prejudice, it does not address the more substantive of Defendants' assertions.

I. *FACTUAL AND PROCEDURAL BACKGROUND*

This case stems from incidents at West Springfield High School where Plaintiff had been a student. The amended complaint alleges that "[a]t the beginning of the 1999 school year, [Plaintiff] was suspended for swearing in response to a comment from his band teacher, Mr. Farnsworth." (Docket No. 07, ¶ 6.) Following the swearing incident, Plaintiff (through his father) requested, and was denied, permission to leave school grounds during his lunch period, a privilege apparently reserved to those students who maintain an "85 average" and belong to the National Honor Society. (Id., ¶¶ 9-12, 37.) The amended complaint alleges that Plaintiff was deprived of significant "liberty interests" and, as a result, his state and federal civil and constitutional rights were violated.

There are several procedural aspects of this case which merit mention. First, both Plaintiff's complaint (Docket No. 01) and his amended complaint (Docket No. 07) describe Plaintiff as a minor and are signed "by and through his father and next friend, pro se," Bryan K. Clauson. Second, Bryan Clauson's motion that he be joined as a plaintiff to the action was denied by District Judge Michael A. Ponsor who indicated that "[t]here has been no adequate showing of any cognizable claim by Bryan Clauson." (Docket No. 10.)

Finally, despite the description of Plaintiff as a minor, the complaint was filed one month after he had reached the age of majority. Plaintiff turned eighteen on May 25, 1999; the original complaint was filed on June 25, 1999. Thus, under Massachusetts law, Plaintiff was an adult at the time he initiated the action. See MASS. GEN. L. ch. 4, § 7 (48th and 50th clauses). This fact is undisputed.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

## II. *DISCUSSION*

Rule 11 provides that pleadings which are not properly signed shall be stricken unless promptly corrected. Specifically, the rule states, in pertinent part, as follows:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any.... An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

*2 Fed. R. Civ. P. 11(a). Here, it is undisputed that neither Plaintiff nor an attorney on his behalf signed the complaint as required by Rule 11. On this basis alone, the complaint could be stricken and the case dismissed.

Still, Bryan Clauson seeks to pursue the matter on his son's behalf. He argues that on April 15, 1999, approximately two months prior to bringing suit and one month before Plaintiff's eighteenth birthday, he filed an administrative complaint with the "Title IX District Coordinator" and that the date of that charge, not the date the present lawsuit was filed, should govern here. In this regard, Bryan Clauson also mentions that he began work on the federal complaint sometime prior to his son's birthday.

"The federal courts have consistently rejected attempts at third-party lay representation." *Herrera-Venegas v. Sanchez-Rivera,* 681 F.2d 41, 42 (1st Cir.1982) (citing cases). By law, there are "only" two ways an individual may appear in federal court, either *"pro se* or through legal counsel." *Id.* (citing 28 U.S.C. § 1654). *See also Osei-Afriyie v. Med. College of Penn.,* 937 F.2d 876, 882-83 (3d Cir.1991) (non-lawyer parent appearing *pro se,* may not represent child at trial); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61-62 (2d Cir.1990) (non-attorney parent must be represented by counsel in bringing action on behalf of child); *Lewis v. Lenc-Smith Mfg. Co.,* 784 F.2d 829, 830-31 (7th Cir.1986) (per curiam) (individual may only appear on appeal *pro se* or through counsel); *Meeker v.. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (per curiam) (although parent has the right to represent himself, he does not have the right to represent his children); *Georgiades v. Martin-Trigona,* 729 F.2d 831, 834 and n. 7 (7th Cir.1984) (non-lawyer may not appear on behalf of others on appeal). As the Seventh Circuit explained, relying in part on the First Circuit's decision in *Herrera-Venegas,* there are "[m]any good reasons" for strict adherence to this rule:

> [A] party may be bound, or his rights waived, by his legal representative. "When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility." *Herrera-Venegas,* 681 F.2d at 42. Further, the lay advocate lacks many of the attorney's ethical responsibilities--for example, to avoid litigating unfounded or vexatious claims. See Model Code of Professional Responsibility DR 7-102(A)(1) and (2) (1980); *Lepucki v. Van Wormer,* 765 F.2d 86, 87 (7th Cir.1985) (per curiam) ("lawyers ..., as officers of the court, have both an ethical and a legal duty to screen the claims of their clients for factual veracity and legal sufficiency"). See also Fed. R. Civ. P. 11. All too frequently non-lawyers, as here, bring less than considered appeals and present arguments in an inarticulate, if not totally incomprehensible, manner.

*3 *Lewis,* 784 F.2d at 830.

In the instant action, once Plaintiff was of age, it was his decision, as an adult, to undertake this litigation either through counsel or *pro se.* He had no right-- even assuming for purposes here that he attempted to exercise such a right--to have his father, a non-attorney, represent him in court. [FN1] For this reason the court will recommend that the complaint be stricken.

> FN1. In his brief, Bryan Clauson confirms that he is not an attorney and that "any indication in any documents filed by [him] to the contrary [was] inadvertent." (Docket No. 22, at ¶ 12.)

Two other matters should be noted. First, in arguing that he should be allowed to represent his son, Bryan Clauson points to Fed. R. Civ. P. 17(c) insofar as it permits a "general guardian" to "sue or defend on behalf of the infant or incompetent person." As indicated, however, Plaintiff is not an infant nor, it would appear, an incompetent person. Indeed, Bryan Clauson notes that his son is currently enrolled at the West Point Military Academy. (See Docket No. 19, at ¶ 26.) Moreover, the court sees no reason why its discretion should be exercised to appoint a next friend or guardian for Plaintiff, even assuming that

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Bryan Clauson impliedly so requests.

Second, although Rule 11(a) states merely that an unsigned complaint "be stricken," Bryan Clauson requests that, should the court determine that he may not represent his son in this matter, the entire action should be dismissed without prejudice. (Docket No. 22 at 9-10.) The court recommends that this request be granted. To address the underlying merits of the case at this time would only prejudice whatever rights Plaintiff might wish to pursue on his own and further complicate matters. Moreover, dismissal without prejudice is supported by cases discussing similar issues. *See, e.g., Osei-Afriyie,* 937 F.2d at 883; *Cheung,* 906 F.2d at 62.

### III. *CONCLUSION*

For all the reasons stated, the court recommends that Defendants' motion be ALLOWED as follows: that the complaint be stricken and the action be dismissed without prejudice. [FN2]

> FN2. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154-55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                         :
      Plaintiff            :
                                  :
     v.                          :   Civil No.  1:CV-00-00486
                                  :   (Kane, J.)
UNITED STATES OF AMERICA, et al., :
      Defendants           :

### CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on May 3, 2001, she served a copy of the attached

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFF'S BRIEF**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Paul Lee
Reg. No. 01656-087
FCI Elkton
P.O. Box 89
8730 Scroggs Road
Elkton, Ohio 44415

                                                            /s/ Shelley L. Grant
                                                SHELLEY L. GRANT
                                                Paralegal Specialist