Law Clerk's Copy

MCC:KLM:2000V00797

FILED
HARRISBURG, PA

JUN 2 8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY E. D'ANDREA, CLERK

Deputy Clerk

PAUL LEE,

             Plaintiff      :    No.  1:CV-00-00486

                   :

             v.        :    (Kane, J.)

                   :

UNITED STATES OF AMERICA, et al.,  :

             Defendants    :

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

This is a FTCA tort claim and a mandamus claim brought by Paul Lee, a federal prisoner, concerning medical care regarding his left hip and the allegedly inadequate bedding/mattress provided by the BOP while he was confined at FCI Allenwood.  On January 29, 2001, defendants filed a motion to dismiss and for summary judgment.  The defendants' supporting brief and materials were filed on February 12, 2001.

After various extensions of time, Lee filed his brief in opposition to the defendants' dispositive motion, captioned "Plaintiff Paul Lee's Memorandum and Evidence in Opposition to the Motion to Dismiss or for Summary Judgment," on or around April 10, 2001.  In that Lee's opposition brief was signed with the following mark, "/s/", defendants moved to strike Lee's opposition brief due to Lee's failure to sign the brief as required by Fed. R. Civ. P. 11.

In response to the motion to strike, Lee filed a brief stating that he had only signed the brief he had filed with the Court.  Rather than sending the undersigned an exact copy of the brief he filed with the Court, however, Lee sent the undersigned a copy of the brief signed with just the mark of "/s/".  As a result, defendants sought leave to file a reply brief in support of its motion to dismiss and for summary judgment.  This brief is now submitted accordingly.

### Argument

To summarize, Lee has raised two claims against the Federal Bureau of Prisons ("BOP") and the United States:  a mandamus claim and a FTCA tort claim.  As to the mandamus claim, Lee asks the Court to compel the BOP to provide him with hip replacement surgery.  As to the FTCA claim, Lee alleges that: (1) he requested and was denied the use of two mattresses, therefore causing pain in his hip; (2) during his incarceration, he was provided "improper bedding" that has caused a steady deterioration of his left hip as well as degenerative arthritis; and (3) the United States has negligently failed to provide him with medical care and treatment for his left hip injury.

The BOP and the United States moved to dismiss the amended complaint and for summary judgment on a variety of grounds. Lee has filed an opposition brief.  Accordingly, this reply brief

2

addresses the two claims, Lee's opposition to defendants' arguments, and defendants' responses to those arguments.

## A.    The Mandamus Claim

In our prior brief, we addressed the legal standards governing mandamus.  As noted in that brief, mandamus is "intended to provide a remedy for a plaintiff **only if** he has exhausted all other avenues of relief and **only if** the defendant owes him a *clear nondiscretionary* duty."  Heckler v. Ringer, 466 U.S. 602, 617 (1984)(emphasis added).  See Naporano Metal & Iron Co. v. Secretary of Labor, 529 F.2d 537 (3rd Cir. 1976); Grant v. Hogan, 505 F.2d 1220, 1225 (3rd Cir. 1974).

Further, the writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  Given its drastic nature, a writ of mandamus should not be issued until after all other avenues of relief, either administrative *or judicial*, have been exhausted.  See, e.g., Heckler v. Ringer 466 U.S. 602, 616-617 (1984); Billiteri v. United Stated Board of Parole, 541 F.2d 938 (2nd Cir. 1976); Grant, 505 F.2d at 1225 (3rd Cir. 1974).  Thus, two prerequisites for issuance of a writ are:  "(1) that petitioner have no other 'adequate means to attain the [desired] relief,' and (2) that petitioner meet its burden of showing that its right to the writ is 'clear and indisputable.' "  Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3rd Cir. 1992)(quoting Kerr,

3

426 U.S. at 403, and citing <u>DeMasi v. Weiss</u>, 669 F.2d 114, 117 (3rd

Cir. 1982)); <u>Communication Workers v. American Tel. & Tel. Co.</u>, 932

F.2d 199, 208 (3rd Cir. 1991).

In response to our arguments, Lee argues that the "well-pleaded facts in his Amended Complaint" are sufficient for the Court to order mandamus relief. To the contrary, Lee's allegations, which lack foundation, do not overcome the defendants' declarations and medical documents that indicate that he has been provided with appropriate medical care. <u>See</u> <u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 F.2d 1358, 1363 (3rd Cir. 1992); <u>Maldonado v. Ramirez</u>, 757 F.2d 48, 50 (3rd Cir. 1985); <u>Olympic Junior, Inc. v. David Crystal, Inc.</u>, 463 F.2d 1141, 1146 (3rd Cir. 1972)(conclusory affidavits and factual allegations not based on personal knowledge cannot defeat a summary judgment motion).[1] <u>See</u> <u>also</u> <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 473 (3rd Cir. 1987) (requiring a prisoner to provide expert testimony in a medical

---

[1] The Supreme Court has ruled that Fed. R. Civ. P. 56 "mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The Court also stated in <u>Celotex</u> that the party moving for summary judgment need not, as a matter of course, support its motion with affidavits. The Court reasoned that "the impact of these subsections [Fed. R. Civ. P. 56 (a)-(e)] is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may and should be granted <u>so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment</u>, as set forth in Rule 56(c) <u>is satisfied</u>." 477 U.S. at 323 (emphasis added).

4

deliberate indifference case); <u>Joyce v. Boulevard Physical Therapy & Rehabilitation Center, P.C.</u>, 694 A.2d 648, 654 & n.3 (Pa. Super. 1997)(expert witness needed to testify, within a reasonable degree of medical certainty, that the acts of the defendant physician deviated from good and acceptable medical care <u>and</u> that such deviation was the proximate cause of the harm suffered); <u>Maurer v. Trustees of the University of Pennsylvania</u>, 614 A.2d 754, 757-58 (Pa. Super. 1992)(a plaintiff cannot establish a prima facie case of medical malpractice without presenting expert testimony that "to a reasonable degree of medical certainty, ... the acts of the [defendant] physician deviated from good and acceptable medical standards...").

Thus, Lee's statements in his complaint, which utterly lack foundation, fall woefully short of meeting his burden of showing that his right to mandamus relief is "clear and indisputable."

Likewise, Lee has not met the other prerequisite that he have no other adequate avenue for relief.  Lee thinks that simply because he filed an administrative complaint that was denied that he has met this hurdle.  Lee Br., at 2.  To the contrary, Lee has available judicial avenues for relief -- such as the FTCA claim he has filed in this case.  See <u>United States ex rel. Girard Trust Co. v. Helvering</u>, 301 U.S. 540, 544 (1937)("writ of mandamus may not be employed to secure the adjudication of a disputed right for which

an ordinary suit affords a remedy equally adequate, and complete."). Thus, Lee's mandamus claim should be dismissed.

## B.   The FTCA Claim

As to Lee's FTCA claim, defendants argued that the BOP should be dismissed as a defendant; that Lee had not exhausted his FTCA administrative remedies as to two of his three claims -- the denial of the use of two mattresses and negligent medical care -- which exhaustion is a *jurisdictional* prerequisite; and that summary judgment should be granted on the merits of the remaining claim -- that insufficient bedding had caused his medical problems regarding his hip.

Lee first agrees that the BOP should be dismissed as a defendant as to his FTCA claims.  Lee Br., at 2.

Lee next states, in a single sentence, that he has established exhaustion of his administrative remedies as to all three of his tort claims.  Lee Br., at 2.  As we established before, although Lee filed an administrative tort claim with the Northeast Regional Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania, *for allegedly providing him with a substandard mattress*, Lee has **not** filed an administrative tort claim regarding either of his other two allegations  -- that the denial of the use of two mattresses caused him hip pain and, more importantly, that he was provided with negligent medical care.

Specifically, Lee filed administrative tort claim number TRT-NER-2000-449 with the Northeast Regional Office on February 7, 2000. In his claim, Lee alleged only that "[t]he BOP has caused my hip to deteriorated [sic] by providing me with a steel bed and substandard mattress to sleep on. without a box spring [sic] By reason of the "BOP" cause negligence [sic] in their part not to provide me with proper bedding care." (See R. 4 and 5.) Lee did **not** raise any allegations of negligent medical care. See R. 4, 5, 6-9. As such, Lee did not exhaust his tort claim regarding his medical care and treatment and the claim should be dismissed

Turning to the issue of summary judgment, Lee claims that there are material factual issues in that the medical staff brushed off his claims of pain and that he never missed any doctor appointments or refused to cooperate in receiving an injection. Lee Br., at 3-4.

As noted above, see text infra at 4, Lee must provide something more than his own speculative or conclusory allegations to defeat the United States' summary judgment motion. See also Celotex Corp., 477 U.S. at 322 (1986) (Rule 56(c) "mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."). To defeat summary judgment, an opponent

7

cannot merely discredit "the credibility of the movant's evidence; it _must_ produce some affirmative evidence."  Big Apple BMW, 974 F.2d at 1363; _Id_. at 1362 ("This is true even in ... cases[] 'where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot.'").

Likewise, as noted above, see text infra at 4-5, Lee **must** provide admissible medical expert testimony rather than rely on his own unsupported lay-person speculation to establish that he can meet the elements of his tort claim and to defeat summary judgment. Lee has not done this in the least.  Accordingly, the United States is entitled to summary judgment on Lee's FTCA claim.

### Conclusion

For the reasons stated above, defendants' motion to dismiss and for summary judgment should be granted.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482

Date: June 28, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL LEE,                    :
            Plaintiff            :     No. 1:CV-00-00486
                          :
          v.                  :     (Kane, J.)
                          :
UNITED STATES OF AMERICA, et al., :
         Defendants          :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 28th day of June, 2001, she served a copy of the attached

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Paul Lee
Reg. No. 01656-087
FCI Elkton
P.O. Box 89
8730 Scroggs Road
Elkton, Ohio 44415

KATE L. MERSHIMER
Assistant U.S. Attorney